All the Justices concurring.

THE ST. LOUIS, WICHITA & WESTERN RAILWAY COMPANY v. S. A. CURL.

1. DAMAGES; *Liability not Avoided by Lease of Road.* Where a railway company constructs its railroad track, and in such construction omits to make sufficient cattle-guards where the track enters and leaves an unfenced field, *held,* that the company is liable to the owner of the field for damages resulting therefrom; and this liability is not avoided by the fact that after constructing its road the company leased the same to another railway company, which latter company was in full possession and use of the track at the time of the happening of the injuries, and by the terms of its lease had contracted to discharge all statutory obligations and duties imposed upon the lessor company.

2. LESSOR AND LESSEE; *Distinction as to Liability.* In case of a lease of a railway track, a distinction exists as to the liability of the lessor and lessee company between those cases in which the liability arises from the omission of some duty in the construction of the road, and those which arise from negligence or the omission of some duty in the handling of trains and the management of the road.

*Error from Labette District Court.*

AT the May Term, 1881, of the district court, plaintiff *Curl* had judgment for $195 against the defendant *Railway Company,* which brings the case here.   The nature of the action, and the facts, appear in the opinion.

*W. B. Glasse,* for plaintiff in error.

*Jess. Brockway,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: But a single question is presented in this case. Defendant in error, plaintiff below, was the owner of a certain fenced field, through which the defendant company constructed its railway track. In the construction of said road no sufficient cattle-guards were placed where the road entered and left the field. In consequence of this omission, the plaintiff suffered injuries in the loss of his pasture and from damages to his crops by straying cattle. After the defendant had constructed its railway track, it leased the same to the St. Louis & San Francisco railway company for the term of forty years, and in said lease it was provided among other things:

"That generally in respect of said railway, and the maintenance, management and operation thereof, said St. Louis & San Francisco railway company would during the term of said lease observe, perform and fulfill all duties and obligations which at the date of said lease rested upon, or might thereafter be imposed upon, said St. Louis, Wichita & Western railway company, under or by virtue of the laws of the state of Kansas, to the same extent and effect as said St. Louis, Wichita & Western railway company would be compelled to observe, perform and fulfill such duties and obligations if said lease had not been made."

After the execution of the lease, the St. Louis & San Francisco railway company took possession of the road, and has ever since been operating it; and the injuries occurred during such possession and operation by the St. Louis & San Franciso railway company. Defendant claims that the lessee company is alone responsible. The district court held the defendant responsible, and in this we think its ruling was correct. Defendant contends that where the statute authorizes the lease by one railway company to another of its track, the lessor company is not responsible for injuries caused by the torts of the lessee company, and in support of that doctrine cites some authorities. To a certain extent this proposition is true: if the injury results from negligence in the

handling of trains or in the omission of any statutory duty connected with the management of the road, matters in respect to which the lessor company could in the nature of things have no control, then the lessee company will alone be responsible; but when the injury results from the omission of some duty which the lessor itself owes to the public in the first instance—something connected with the building of the road—then we think the company assuming the franchise cannot divest itself of responsibility by leasing its track to some other company. Thus, for instance, in the case at bar the defendant was charged with the duty of placing sufficient cattle-guards before it either used this track which it constructed, or permitted anyone else to use it; and it cannot divest itself of responsibility for injuries resulting from such omission by leasing its track to some other company. The injury resulted directly from its own wrong, and not from any mere negligence on the part of the St. Louis & San Francisco railroad company. It cannot relieve itself by contracting with some other party to discharge its statutory duty. The language of the statute, § 37, ch. 84, p. 785, Comp. Laws 1879, is:

"When any railroad runs through any improved or fenced land, said railroad company shall make proper cattle-guards on such railroad when they enter and when they leave such improved or fenced land."

And § 39 reads:

"Any railroad company neglecting or refusing to comply with the provisions of sections one and two of this act, shall be liable for all damages sustained by anyone by reason of such neglect or refusal; and in order for the injured party to recover all damages he has sustained, it shall only be necessary for him to prove such neglect or refusal."

The defendant omitted this duty, and by the statute is responsible for all damages sustained by reason of such omission. The distinction as to the circumstances under which the lessor and the lessee company are severally responsible for negligence and omission of duty, is noticed in the case of *Railroad Company v. Wood*, 24 Kas. 619. It is unnecessary

to consider what would be the rule of responsibility if it appeared that in the first instance the lessor had constructed sufficient cattle-guards, and during the possession of the lessee the same had become defective and insufficient, (*Swords v. Edgar*, 59 N. Y. 28; *Ditchell v. Rld. Co.*, 67 N. Y. 425;) for here the findings show that no sufficient cattle-guards had ever been made by either company.

This being the only question in the case, and the ruling of the district court being correct, its judgment must be affirmed.

All the Justices concurring.