(Muskingum Co. Court of Common Pleas.)

## P. Q. FISHER v. THE B. & O. AND C. O. RAILROAD COMPANIES.

1. Railroad Companies:—Lessor's liability.

A railroad company cannot, by leasing its line under authority of law, relieve itself of

the responsiblities imposed upon it by the law of is incorporation, or of liability in the discharge of the positive duties which it owes to the public.

2. Plantiff, owner of an orchard, adjacent to the roadway of the lessor railroad company, was damaged by fire caught in combustible material (carelessly and negligently left to accumulate in said company's roadway) from defective locomotive engines in use by a lessee railroad company, operating said lessor company's railroad.

Held in an action by plaintiff against the two companies, that the lessor company was liable jointly with the lessee company.

On demurrer on the petition.

MUNSON, J.

The plaintiff's suit is for damages to his orchard adjacent to the roadway of the Central Ohio Railroad Company, resulting rom fire which originated on the land or roadway of said company, caused by the default and omission, negligence and carelessness of the Baltimore & Ohio Railroad company in operating the former company's ailroad as its lessee under authority of law; and seeks to make the said Central Ohio Railroad liable jointly with the B. & O. under and by virtue of Sec. 3305 R. S. O.

That section was passed by the legislature, and became the law, April 13, 1883, and declares, that notwithstanding such lease the corporation of this state, the lessor, shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith, etc.

The legislature authorized the lease by the Central Ohio to the B. & O. R. Co., and the lease was made, executed and entered into before said Act of April 13, 1883.

It is contended on behalf of the demurrer, that that Act, Sec. 3305, does not apply to the lease in question; a lease executed prior to the passage of the act.

And that, if it does, it is unconstitutional, as impairing rights under the contract of lease.

On the other hand it is contended that the lessor railroad is liable for the negligence of its lessee by the common law, and independent of Sec. 3305, which enacted only what was the law before.

Railroad corporations are quasi public corporations dedicated to the public use.

It is upon this idea that they have been invested with the power of eminent domain, and that they exercise the functions of common carriers. Their duties and liabilities are defined by law. In accepting their charters, they necessarily accept them with all the duties and liabilities annexed. That is to say, they undertake to construct the roads contemplatd by their several charters; to keep them in good condition; equip

them with suitable rolling stock and safe machinery: employ skilled and trustworthy laborers; provide suitable means of access to and egress from their trains; erect depots and designate stopping places whenever the public necessity require them, supply to the extent of their resources necessary and adequate facilities for the transaction of all the business offered; deal fairly and impartially with their patrons; keep pace with improvements in machinery; and adapt their service to the varying necessities and improved methods of doing business.

The petition alleges that the fire complained of originated upon the land (or roadway) belonging to the defendant, as said lessee, caused by operating the road; the engines were not equipped with proper and suitable spark arresters, or other appliances for the prevention of the escape of such sparks as might set fire to combustible material along the line of the railroad; the locomotive engines were negligently and carlessly managed and handled by defendants employes in charge of them; the defendants had also negligently permitted dry grass, weeds, and other combustible material to accumulate and remain at the time complained of upon its land; from which the fire spread to plaintiff's land adjacent, destroying his fruit trees, etc.

The fire was caused by defective rolling stock; the locomotive engines had no appliances for the prevention of the escape of sparks; dry grass, weeds and other combustible material was permitted to accumulate and remain on defendant's land (or right of way).

The defendant, the "Central Ohio," accepted its charter with the duty annexed, amongst others, of equipping its road with suitable rolling stock and safe machinery; that is one of the duties it owed to the public, as a quasi public corporation.

The petition alleges the locomotive engines of the lessee company were neither safe or suitable for guarding against fire. The Central Ohio Company cannot be said to have performed the public duty it owed to the public under its charter, if it permitted its lessee to use such rolling stock. The safety to adjacent property from fire from the locomotive engines demanded the use of specific guards and protection. The public has a right to demand that of the C. & O. R. Co., unless specifically exempted.

The defendant, The Central Ohio Railroad, accepted its charter with the duty annexed —among others also—not only to construct its road, but to keep it in good condition; but permitted dry grass, weeds and other combustible material to accumulate and remain on its land or roadway.

The legislature has authorized the use of fire for the purpose of propelling cars by steam; but the authority implies that every reasonable precaution will be observed to prevent injury in such use. If that was a public duty, the C. O. might not stand by and see it violated by the B. & O., its lessee.

These duties and obligations annexed with or to the charter of the Central Ohio Rail road, 1st. to use on the road suitable and safe machinery; 2nd, to keep the road itself in good condition, are obligations imposed for the protection and advantage of the gen eral public not having contract relations with it.

The general public must be reasonably protected from the fire used in locomotive engines.

The allegations of the petition are that the plaintiff, as one of the public, was not reasonably protected.

The consent of the state that the Central Ohio Railroad might lease to the B. & O., was not a consent to the surrender of any of the rights of the public in and to, or connected with the Central Ohio Railroad's charter, because not expressed in the law permitting the lease.

"The rights of the public are never presumed to be surrendered to a corporation unless the intention to surrender clearly appears in the law." Perrine v. Ch. & Del. Canal Co., 9 How. 172. Munn v. Ill. 94 U. S. 113. Cooley on Const. Lim., 233,234. State ex rel. v. Columbus Gas Light Co., 34 Ohio St. 572. 47 Ohio St. I. State ex rel. v. Eagle Insurance Co. 50 Ohio St. 268. "The rule should be adhered to with unyielding tenacity." Morehead et al. v. Railroad Co. 17 Ohio, 351. Collins v. Hatch, 18 Ohio, 523. Bloom v. Xenia, 32 Ohio St. 565.

There is nothing in the charter of the Central Ohio Railroad Company, or in the act of the legislature giving it permission to lease its road, exempting it from the operation of general laws affecting it. If it would escape the burden of such laws, it must surrender its charter, 17 Wall (U. S.) 445; Redfield's Law of Railways (5th ed.) p. 616; 119 Ill., 68; 106 Ill., 534. 18 Am. & Eng. Enc. of Law, 1; Railroad v. Railroad, 30 Ohio St. 604. If there is nothing in its charter or in the act permitting the lease expressly absolving the Central Ohio from any of its public duties as a railroad, except, that it may lease to the B. & O., there can be no reason to presume the legislature did not intend to apply sec. 3305 to leases already made, as well as those to be made in the future. The section "has for its end the promotion of an important and beneficial object, and should be given a large or liberal construction." Southerland on Stat. Con. 206, sec. 443 and sec. 378; Ibid. sec. 206, and cases cited.

If section 3305, R. S. O. would have applied to the Central Ohio, if passed before the lease was made, there is no ground to hold it would not, when passed after, unless the act permitting the lease specifically exempted it, and it does not; and nothing in this respect can be taken by implication.

The cases cited by counsel for the demurrer are not against the views here taken, it is thought. if the default complained of was default of public duties. In the case of

Hayes v. Northern Pacific R. R. Co. Federal Reporter, Vol. 74, No. 2, July 7, 1896, p. 279, Jenkins, J., cites with approval, 28 Kan. 622, where Brewer J., says, amongst other things, as to the responsibility of the lessor company, for torts, after authority from the legislature to lease—"but, when the injury results from the omission of some duty which the lessor itself owes to the public," etc., there is a difference.

And Lurton, J., in Arrowsmith v. R. Co., 57 Federal, 165, says:

"Where obligations are imposed by charter or statute law upon a railroad company for the protection and advantage of the general public not having contract relations with it, it may very well be said, that, a general authority to lease out its road, which contains no provision exempting it from such public obligations, will not absolve it from liability."

The plaintiff had no contract relations with the C. O. R. Co., or with the B. & O. R. Co., but was one of the general public; he was interested that locomotive engines fit for use should be run over the roadway; and that grass, weeds and rubbish should not accumulate making danger from fire more imminent.

And of this, the lessor must continue to be informed and to be responsible for, because a public obligation demanded in the interest of the public. It was from failure of such public obligations the fire occurred, and damage resulted to plaintiff as alleged.

True, the imediate failure was that of the B. & O; but the C. O. was not absolved from liability unless the authority to lease said so, and it did not.

Plaintiff's case comes within the rule given in Hayes v. Northern Pacific R. Co., viz: that "where a railroad leases its line under authority of law, yet that does not relieve it of responsibilities imposed upon it by the law of its incorporation, or of liability in the discharge of the positive duties which it owes to the public." The petition of the plaintiff makes the C. & O. responsible under both rules.

Its charter obliged it to keep proper rolling stock on the road; it did not do it. It owed duty to the public to prevent. if possible, fire catching in its land; it did not do that.

The obligation of a railroad company to the public cannot be discharged by a transfer of its franchises to another company, except by legislative enactment consenting to and authorizing such transfer, with an exception granted to such company relieving it from liability. Legislative consent to the transfer is not alone sufficient; there must be a release from the obligations of the company to the public. Eliza Chollette v. Omaha Republican Valley R. Co., 4 L. R. A. 135.

From what has been said it will be seen that no contract right under the lease has been impaired by Sec. 3305.

"The object and end of all government is to promote the happiness and prosperity of the people by which it is established; and it cannot be that the government intended

to diminish its power of accomplishing the end for which it was created." Charles River Bridge v. Warren Bridge, 11 Pet. 420, 447.

"It is, therefore, never implied that it has surrendered in whole or in part, any of its sovereign power of legislation for the general welfare." Lehigh Water Co. v. Easton, 121 U. S. 388, 391.

The Central Ohio R. Co. never had a contract which prevented legislation for the general welfare, and section 3305 is of that character, so far as it relates to plaintiff's cause of action.

It has no right by contract of lease with the B. & O. R. Co. which section 3305 impairs.

The demurrer is overruled, and exceptions noted.

*Durban & M'Dermott, for Defendants.*
*Granger & Granger, for Plaintiff.*