[L. A. No. 107.   Department Two.—February 19, 1897.]

$\dfrac{116}{123} \quad \dfrac{97}{44}$

## CHARLES A. LEE, APPELLANT, v. THE SOUTHERN PACIFIC RAILROAD COMPANY, RESPONDENT

LEASE OF RAILROAD—LIABILITY OF LESSOR—CONSTRUCTION OF CONSTITUTION—CHARGE UPON FRANCHISE AND PROPERTY—PERSONAL ACTION.— Section 10 of article XII of the constitution, providing that "the legislature shall not pass any law permitting the leasing or alienation of any franchise so as to relieve the franchise or property held thereunder from the liability of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use, or enjoyment of such franchise, or any of its privileges," does not give a personal action against the corporation which has owned property for an injury which has resulted to an employee of a lessee of the owner in the use of the property in the hands of the lessee, but is designed to subject the franchise and property to liability incurred in its occupation, use, or enjoyment, whether the franchise be exercised or the property be used by the original owner or the lessee or grantee.

ID.—EFFECT OF VALID LEASE — LESSEE AGENT OF LESSOR.— If the lease of a railroad is invalid, because made without legislative sanction, the lessor continues liable for all negligence of the lessee affecting the public, and the lessee is to be treated as operating the road as agent of the lessor.

ID.—EFFECT OF VALID LEASE—STATUTORY CONSTRUCTION—ACT NOT EXEMPTING LESSOR—MEASURE OF LIABILITY—NEGLIGENT CONSTRUCTION OF ROAD — NEGLIGENT OPERATION.— The act of 1880 permitting and

CXVI. CAL.—7

authorizing leases of railroads in this state to corporations organized under the laws of another state, etc., does not afford any express exemption to any lessor company, and the lessor of the railroad still remains liable for an injury resulting from a negligent omission of duty in the construction and maintenance of its road; though it is not liable for any injury resulting from the mere negligence of the lessee in the operation of the road.

ID.—DUTY OF LESSOR TO PUBLIC—NO DUTY AS EMPLOYER TO OPERATIVES OF LESSEE.—The responsibility of the lessor, in case of a valid lease of a railroad, arises solely from a failure to perform his duty to the public, of which public an employee of the operating company may be regarded as one; but the lessor owes no duty whatever as an employer to the operatives of the lessee, with whom it has no contractual privity.

ID.— PLEADING — EMPLOYMENT OF PLAINTIFF — IMMATERIAL VARIANCE — NEGLIGENCE OF DEFENDANT.—Where the complaint against a railroad company, which had leased its road to another company, alleged that plaintiff was an employee of the defendant, and the proof showed that he was in fact an employee of the lessee of the defendant, the variance is immaterial, it being sufficient that he was not a trespasser upon the road, to entitle him to recover against the defendant, where it appears that his injury resulted from the negligence of the defendant in the defective construction of its road.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. H. CLARK, Judge.

The facts are stated in the opinion of the court.

*Cole & Cole,* and *Del Valle & Munday,* for Appellant.

A railway company leasing its road, even by consent of the legislature, does not thereby escape all responsibility to the public. (Const., art. XII, sec. 10; Boone on Corporations, sec. 268, and cases cited; *Visalia etc. Co.* v. *Sims,* 104 Cal. 326; 43 Am. St. Rep. 105; Civ. Code, sec. 479; *Hubbard* v. *Yocum,* 30 W. Va. 740; *Missouri Pac. Ry. Co.* v. *Dunham,* 68 Tex. 321; 2 Am. St. Rep. 484; *Palmer* v. *Utah etc. Ry. Co.,* 2 Idaho, 350.)

*Bicknell & Trask,* for Respondent.

Plaintiff's remedy, if any, is against the Southern Pacific Company by virtue of his contractual relation as an employee of that company, and, without special statutory permission to make the lease, defendant would not be liable to plaintiff. (*East Line etc. Co.* v. *Culber-*

*son*, 72 Tex. 375; 13 Am. St. Rep. 805; *Baltimore etc. R. R. Co.* v. *Paul* (Ind., Apr. 23, 1895), 40 N. E. Rep. 519.) A railroad company that has leased its road with such authority is not liable for the negligence of the lessee, disconnected from defective construction for which the lessor was originally responsible. (*Arrowsmith* v. *Nashville etc. Ry. Co.*, 57 Fed. Rep. 165; *Miller* v. *New York etc. R. R. Co.*, 125 N. Y. 118; *Virginia etc. Ry. Co.* v. *Washington*, 86 Va. 629; *Lakin* v. *Willamette etc. Ry. Co.*, 13 Or. 436; 57 Am. Rep. 25; *Ditchett* v. *Spuyten Duyvil etc. R. R. Co.*, 67 N. Y. 425; *St. Louis etc. Ry. Co.* v. *Charl*, 28 Kan. 622; *St. Louis etc. R. R. Co.* v. *Balsley*, 11 Ill. App. 79; *Mahoney* v. *Atlantic etc. R. R. Co.*, 63 Me. 68; *Fletcher* v. *Boston etc. R. R. Co.*, 1 Allen, 9; 79 Am. Dec. 695; *Sprague* v. *Smith*, 29 Vt. 427; 70 Am. Dec. 424.) The Southern Pacific Company is primarily liable for plaintiff's alleged injury, and until he has established his claim against that company he cannot invoke the aid of the constitutional provision. (*Whipple* v. *Union Pac. Ry. Co.*, 28 Kan. 474, 480.)

HENSHAW, J.—Plaintiff brought this action against the Southern Pacific Railroad Company to recover damages for personal injuries sustained by him. He pleaded that the defendant was the owner of a certain railroad in the county of Los Angeles, and of its roadway, tracks, and appurtenances; that at the time of the injuries complained of he was employed by the defendant as a brakeman, and that while in the performance of his duties as brakeman at a siding called Honby, on the line of the road, he was thrown from an engine upon which he was riding and sustained serious injuries. The cause of the accident was alleged to be the negligence of the defendant in imperfectly constructing the rails and track of the road at Honby, and in allowing this defectively constructed track to remain out of repair, inadequate and unsafe.

The answer admitted the ownership by defendant of the road in question, denied that defendant was engaged

in the business of operating the road, denied that plaintiff was or ever had been in its employ as a brakeman, or in any other capacity, and denied the imperfect construction and want of repair of the rails and track.

The jury returned a general verdict in favor of plaintiff in the sum of eight thousand dollars.

It likewise made special findings of fact upon certain interrogatories presented. These findings, with certain other facts agreed to by counsel under stipulation, may thus be summarized: The defendant was the owner of the railroad upon which the accident complained of occurred, but prior to the time of the accident it had leased the road and all the rolling stock and property of every kind used upon or in connection with it to the Southern Pacific Company of Kentucky. The Southern Pacific Company was at the time of the accident in the exclusive operation of said railroad under the lease. The sidetrack upon which the accident occurred had been constructed by the Southern Pacific Company as an aid or adjunct to the main line, but was the property of the defendant corporation. The plaintiff at the time of the accident was in the employ of the Southern Pacific Company, and not of the Southern Pacific Railroad Company. The trial court determined that a conflict existed between the special findings and the general verdict, and, holding that under the special findings defendant was entitled to judgment, rendered its decision accordingly.

Section 10, article XII, of the constitution, declares: "The legislature shall not pass any law permitting the leasing or alienation of any franchise so as to relieve the franchise or property held thereunder from the liability of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use, or enjoyment of such franchise, or any of its privileges."

Upon this language appellant contends that the constitution gives one a right of action against the corporation which has owned property for an injury which has resulted to him in the use of such property in the

hands of a lessee or grantee of the original owner, and from this he insists that his right of action against the defendant is established by the constitution itself.

The section in question was adopted by the constitutional convention without debate. It is a provision peculiar to this state. It has not so far received judicial interpretation; yet we think no difficulty need be experienced in arriving at its true meaning. It is not to be construed as a grant of authority to lease, but as a restriction upon the power of the legislature to make such grant of authority. (*Abbott* v. *Johnstown etc. Horse R. R. Co.*, 80 N. Y. 27; 36 Am. Rep. 572; *Central etc. R. R. Co.* v. *Morris*, 68 Tex. 49.)

It declares: 1. That if a lease or sale shall be made of the franchise or property of a corporation, the lessee or grantee shall take such franchise or property *cum onere*, subject to any of the liabilities of the grantor at the time existing and enforceable against the franchise or property. This provision is for the very obvious purpose of preventing a corporation, by selling or assigning its franchise or property, from saving harmless the franchise or property, and leaving remediless one who but for the lease or sale could have enforced against the property a judgment which he might recover. It is designed further as a declaration that the forfeiture of a franchise for an act committed or omitted by the charter corporation while it owned such franchise may be enforced after transfer of the franchise by sale or lease. 2. That in the hands of the lessee or grantee the franchise or other property shall be subject to the liabilities which may be incurred in its occupation, use, or enjoyment. Thus the corporation owning the property will not be allowed to save it harmless by conveying it to another corporation. In the hands of the operating corporation the franchise and property will still be liable, the one to forfeiture at the instance of the state, the other to execution levy at the instance of any individual who has sustained loss or injury by reason of the wrongful acts of the operating corporation.

But it will be noted that the section does not attempt to give, and is not intended to give, a personal action against a corporation where none existed before. It is designed to subject the franchise and property of a corporation, whether the franchise be exercised, or the property be used, by the corporation itself, or by another, to liability for breach of duty. Otherwise a corporation might own a fully equipped railroad; it might convey the road and the property used upon and with it to a lessee corporation owning no property whatsoever, and leave the conduct and operation of its property entirely to the lessee. A judgment creditor seeking to make good his claim against the operating company would find no property owned by it upon which it could levy. To prevent this, and many other such evasions as might be instanced, the constitutional provision in question was adopted.

So far as the case at bar is concerned, it can have but this application and no other. It would enable the plaintiff injured by the negligence of his employer, the lessee company, to make good his judgment, under appropriate procedure, out of the leased property, but it would not operate to give the plaintiff, an employee of the lessee company, a right of action against the lessor company, upon the fiction that it was his employer.

Respondent contends that, having made a valid lease of all its railroad property to the Southern Pacific Company, it is absolved from all liability to plaintiff. Upon the part of the appellant, it is contended that the lease is without sanction from the constitution and laws of the state, and is, therefore, void. The question of the validity or invalidity of the lease is thus collaterally presented, but a decision upon it is not necessary to a determination of the rights of the parties hereto. If the lease were made without legislative sanction, it would be void, and under all of the authorities the lessor would continue liable for all the negligence of the lessee affecting the public, the latter being treated as operating the

road as the mere agent of the lessor. (*Arrowsmith* v. *Nashville etc. R. R. Co.*, 57 Fed. Rep. 165; *Thomas* v. *Railroad Co.*, 101 U. S. 83; *New York etc. R. R. Co.* v. *Winans*, 17 How. 30; *Railroad Co.* v. *Brown*, 17 Wall. 445; *Frazier* v. *Railway Co.*, 88 Tenn. 138; *Ohio etc. R. R. Co.* v. *Dunbar*, 20 Ill. 623; 71 Am. Dec. 291; *Central etc. R. R. Co.* v. *Morris, supra; Nelson* v. *Vermont etc. R. R. Co.*, 26 Vt. 717; 62 Am. Dec. 614.)    But, conceding all that respondent claims as to the validity of the lease, it does not follow that respondent is relieved from liability to this plaintiff.    The act which it is insisted affords legislative authority for the lease in question, is entitled "An act permitting and authorizing railway and other corporations organized under the laws of this state, or of any state or territory of the United States of America, or any act of Congress of the United States of America, to do business in this state on equal terms."    It is found in the Statutes of 1880, at page 21.    No terms of the act afford exemption in any respect to the lessor company. Where a statute authorizing leases contains no clause exempting the lessor from liability, it is well settled that the lessor still remains liable for an injury resulting from the negligent omission of a duty owed by it to the public, such as the proper construction of its road, stationhouses, etc.

In *St. Louis etc. Ry. Co.* v. *Curl*, 28 Kan. 622, a railway company constructed its track, and in the construction omitted to make sufficient cattle-guards where the track entered and left a field.    Thereafter the railroad was leased to another company, which at the time of the injury complained of was in full possession and use of the track, and by the terms of its lease had contracted to discharge all statutory obligations and duties imposed upon the lessor company.    The owner of land adjacent to the railroad brought his action against the lessor company to recover damages for injuries sustained to his crops by straying cattle.    Justice Brewer, in delivering the opinion of the court, said: " Defendant contends that where the statute authorizes the lease by one

railroad company to another of its track, the lessor company is not responsible for injuries caused by the torts of the lessee company, and in support of that doctrine cites some authorities. To a certain extent this proposition is true; if the injury results from negligence in the handling of trains or in the omission of any statutory duty connected with the management of the road, matters in respect to which the lessor company could in the nature of things have no control, then the lessee company will alone be responsible; but when the injury results from the omission of some duty which the lessor itself owes to the public in the first instance — something connected with the building of the road — then we think the company assuming the franchise cannot divest itself of responsibility by leasing its track to some other company. Thus, for instance, in the case at bar the defendant was charged with the duty of placing sufficient cattle-guards before it either used this track which it constructed or permitted anyone else to use it; and it cannot divest itself of responsibility from injuries resulting from such omission by leasing its track to some other company. The injury resulted directly from its own wrong, and not from any mere negligence on the part of the St. Louis & San Francisco Railroad Company. It cannot relieve itself by contracting with some other party to discharge its statutory duty. . . . . The defendant omitted this duty, and by the statute is responsible for all damages sustained by reason of such omission."

In *Nugent* v. *Boston R. R. Co.*, 80 Me. 62, 6 Am. St. Rep. 151, the defendant railroad, under express authority of law, had leased its road to the Portland & Ogdensburg Railroad, which latter road was engaged in its management and operation. A brakeman of the Portland & Ogdensburg road sued defendant for personal injuries received by reason of the negligent construction of an awning at a stationhouse built by defendant company. The case received elaborate consideration; the action of the brakeman against the owning road

was sustained, and the rule deduced in the following language: "Herein, as we think, lies the true distinction which marks the dividing line of the lessor's responsibility. In other words, an authorized lease without any exemption clause absolves the lessor from the torts of the lessee resulting from the negligent operation and handling of its trains, and the general management of the leased road over which the lessor could have no control. But for an injury resulting from the negligent omission of some duty owed to the public, such as the proper construction of its roads, stationhouses, etc., the chartered company cannot, in the absence of statutory exemption, discharge itself of legal responsibility."

In *Arrowsmith* v. *Nashville etc. R. R. Co., supra,* the same rule is enunciated, and numerous authorities cited in support thereof. Indeed, a somewhat extended examination of the cases justifies the conclusion that this principle at least is accepted without conflict. An analysis of the case of *East Line etc. Ry. Co.* v. *Culberson,* 72 Tex. 375, 13 Am. St. Rep. 805, a case upon which respondent strongly relies, will disclose that the law there enunciated is not only not at variance with the principle above mentioned, but embodies a distinct recognition of it. In that case an employee of the operating company sued the lessor company, claiming damages for injuries sustained by reason of defective appliances furnished by the operating company. The court held, and very properly, that such an action would not lie against the lessor company, and said: "It may be that, if the injury had occurred by reason of a defect in the roadbed or track, and not by reason of a defect in the engine, the company charged with the duty of keeping up the road would be liable. But if it were true that the injury was caused entirely by another company operating the owner's road, and was inflicted upon one of its employees by reason of a defect in machinery entirely under its control, it is difficult to see upon what principle of policy or justice the lessor should be held liable merely because it owned the road."

In all cases where a valid lease is found (or, as in this discussion, where it is assumed) the lessor company owes no duty whatsoever as an employer to the operatives of the lessee company. The claim of the relationship of employer and employee under such circumstances is a false claim and quantity. It does not exist. The responsibility of the lessor company when it attaches does not spring from this relationship, but arises from a failure of the lessor company to perform its duty to the public, of which public the employee of the operating company may be regarded as one. Thus in those cases where the injury has resulted to an employee of the operating company by reason of the negligence of a fellow-servant, or of want of skill and care of the lessor company in managing the road, or in negligence in furnishing suitable appliances, these and kindred matters being entirely and exclusively within the control of the lessee company, for injury which may result the lessor is in no way responsible. But where injury has resulted to an employee of the operating company by reason of a failure of the lessor to perform its public duty, as in its failure to construct a safe road, as is here charged, the injured employee may sue the lessor company as one of the public for its failure to perform that duty, and not because between himself and the lessor company the relation of employee and employer, or any relation of contractual privity, exists. As is said in *Nugent* v. *Boston R. R. Co*, *supra*, where the brakeman of the lessee road was injured by reason of the defective construction of the stationhouse by the charter company: "Our opinion, therefore, is that the plaintiff had the lawful right as brakeman on the train of the P. & O. to pass and repass by the Bethlehem stationhouse of the defendant, which therefore owed a duty to him to construct and maintain its stationhouse there in such a reasonably safe manner that its awning would not injure him while in the performance of his duty with due care, and that a negligent breach of that duty by the defendant having resulted in a personal

injury to the plaintiff without fault on his part, he is entitled to maintain this action therefor."

So here, the charge against the defendant is that the injury resulted by reason of its imperfect construction and maintenance of the rails and track of its road. The verdict of the jury for plaintiff is its declaration that the charge was substantiated by the evidence, and the nature of the omission or dereliction is such as to entitle the plaintiff to compensation from the defendant herein for injuries which may have resulted to him by reason of it.

As has been indicated, the plaintiff in this case has averred that he was an employee of the defendant corporation. The proofs in this regard disclose that he was in the employ of the Southern Pacific Company. The variance we think to be immaterial. The averment could be eliminated, and a cause of action would still remain. Plaintiff has pleaded and shown to the satisfaction of the jury that he was not a trespasser upon the railroad at the time and place where he met with his injury, but that he was there under lawful employment; that in pursuit of his vocation he met with an injury occasioned by defendant's defective construction of its roadbed, for which injury the defendant is in law responsible.

It follows that there is no irreconcilable conflict between the special findings and the general verdict of the jury, and the court should, therefore, have entered judgment for plaintiff. The judgment is reversed, and the cause remanded with instructions to the trial court to enter judgment in favor of plaintiff and appellant under the general verdict of the jury.

TEMPLE, J., and McFARLAND, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.