[Civ. No. 6961. First Appellate District, Division Two.—September 5, 1929.]

EDWARD G. ROCK, Respondent, v. PETER ORLANDO et al., Appellants.

Owen D. Richardson and O. H. Speciale for Appellants.

Ford, Johnson & Bourquin for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendants Peter Orlando, Joseph Orlando and Peter Orlando, Jr., from a judgment entered against them upon a verdict of a jury in the sum of three thousand five hundred dollars.

The facts, as testified to by respondent and his witnesses, are briefly these: On Sunday afternoon, May 15, 1927, at about the hour of 7 P. M., respondent Edward G. Rock and his wife were traveling from Saratoga, in Santa Clara County, to San Francisco, in a Franklin automobile owned and driven by Louis Houle. When they reached a point on the state highway about halfway between the towns of Sunnyvale and Cupertino, the driver stopped on the right-hand side of the highway and respondent stepped out on the left side of the car, and after looking for approaching cars, proceeded toward the opposite side of the highway where a fruit stand was located. He continued across the highway until he cleared the paved portion of the road and was about five feet off of the paved portion of the highway when he was suddenly struck by a Ford truck coming south on the highway at a high and dangerous rate of speed and off the paved portion of the road, driven by appellant Joseph Orlando. As a result of this collision, respondent suffered a fractured right leg and other injuries and bruises.

The appellants charge respondent with contributory negligence in running suddenly across the highway in front of

the Ford truck, making it impossible for the driver to stop the truck in time to avoid the accident.

Appellants' contention is supported by the testimony of Joseph Orlando, the driver of the Ford truck, and Peter Ceflu, who was riding on the truck at the time of the accident, and also by the testimony of one or two other witnesses who were near the scene of the accident.

Therefore, upon the vital question of who was guilty of negligence, the evidence is decidedly conflicting. The jury undoubtedly accepted the testimony of respondent and his witnesses as being a correct statement of the facts and circumstances of the accident, and their evidence amply supports the implied finding of the jury that the accident was caused solely by the negligence of Joseph Orlando, the driver of the Ford truck. The finding of the jury upon conflicting evidence is conclusive and all reasonable inferences are to be indulged in support thereof. The authorities supporting this well-established rule are legion and need not be here cited.

It is first contended by appellants "That there is nothing in the evidence to show that Joseph Orlando, the driver of the Ford truck, was the agent, employee, or in any manner, driving the automobile with the permission, authority or knowledge of the owner, Peter Orlando, Jr."

This contention is ignored entirely by respondent in his brief. We think, however, it must be sustained. The record is entirely barren of any evidence that would warrant the jury in finding that the negligence of Joseph Orlando, the driver of the Ford truck, was imputed to Peter Orlando, Jr., the owner thereof, who was not present at the time. The only evidence that we are able to discover in the record accounting for the fact that Peter Orlando, Jr.'s, truck was in the possession of his brother, Joseph Orlando, at the time of the accident, was that given by Joseph Orlando himself. He testified in part as follows:

"Q. At that time (at the time of the accident) where were you going? A. I was going to see a friend of mine in Cupertino.

"Q. Were you on any business of anybody's? A. Not exactly.

"Q. Well, exactly, or particularly or any other way, were you on any other business except going to see a friend?

A. I was going to see a friend of mine, used to work for him, thought I would go up and see him was all.

"Q. Did anybody give you permission to use that car that day? A. No.

"Q. Where was the car when you took it? A. It was home.

"Q. Was Peter Orlando, Jr., there? A. No, nobody was home but myself. I had just come in from San Juan baseball game. I took the car with my nephew.

"Q. Did you run the Ford to San Juan that day? A. No, the Ford was home. I had gone up with a neighbor of mine."

Therefore, it is clear from the evidence that at the time of the accident Joseph Orlando was engaged in a mission wholly his own, and that his use of the Ford truck was without the knowledge or consent of the owner.

Clearly under such circumstances, Peter Orlando, Jr., the owner of the truck, is not liable for the negligence of the driver, Joseph Orlando. (*Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738, 741 [179 Pac. 697]; *Maupin* v. *Solomon*, 41 Cal. App. 323 [183 Pac. 198]; *Martinelli* v. *Bond*, 42 Cal. App. 209, 212 [183 Pac. 461]; Berry on Automobiles, 2d ed., secs. 601, 618; *Mullia* v. *Planry Bldg. Co.*, 32 Cal. App. 6 [161 Pac. 1008]; *Mauchle* v. *Panama-Pacific International Exposition Co.*, 37 Cal. App. 715 [174 Pac. 400]; *Gousse* v. *Lowe*, 41 Cal. App. 715 [183 Pac. 295].)

■ It might be contended by respondent that when Peter Orlando, Jr., admitted in his answer the ownership of the truck, coupled with proof that it was in the possession of Joseph Orlando at the time of the accident, an inference could be drawn by the jury that the driver was acting as the agent or employee of the owner, and within the scope of his employment, and notwithstanding the clear and positive evidence that Joseph Orlando was not so acting. Still a conflict in the evidence was created and the owner's liability was a question of fact for the jury. Such contention would be entirely untenable.

The reasonable inference that might be drawn from respondent's *prima facie* case against Peter Orlando, Jr., is wholly dispelled when the uncontradicted evidence of Joseph Orlando was introduced, showing that his possession of the

truck at the time of the accident was without the knowledge or consent of the owner.

Or, in other words, after the evidence of Joseph Orlando came before the jury and was not contradicted, then there was no conflict of evidence on this point, and the jury could not lawfully draw the inference that Joseph Orlando was the agent or in the employ of the owner of the truck at the time of the accident. (*Maupin* v. *Solomon, supra; Brown* v. *Chevrolet Motor Co., supra; Martinelli* v. *Bond, supra; Everett* v. *Standard Acc. Ins. Co.,* 45 Cal. App. 332, 339 [187 Pac. 996]; *Fahey* v. *Madden,* 56 Cal. App. 593, 598 [206 Pac. 128]; *Musachia* v. *Jones,* 65 Cal. App. 283, 298 [223 Pac. 1006]; *Dowd* v. *Atlas Taxicab etc. Co.,* 187 Cal. 523 [202 Pac. 870]; *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 Pac. 269]; *Osborne* v. *Baughman,* 85 Cal. App. 224, 227 [259 Pac. 70].)

█ Appellants also contend that the court erred in giving the jury an instruction on contributory negligence, to the effect that if respondent was guilty of any negligence in crossing the highway, still such negligence on the part of respondent would not bar his recovery against appellants unless such negligence on the part of respondent proximately occasioned or contributed to the injuries he received. This instruction contained a correct statement of the law. (*Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066].) We have carefully examined all the instructions given and when taken as a whole, they fully and correctly state the law upon all the issues involved in the case.

█ Peter Orlando, Sr., is made a defendant for the reason that he signed his son's (Joseph Orlando) application for a driver's license. Therefore, the negligence of Joseph Orlando, the driver of the truck, was imputed to his father. (Sec. 62, subd. b, California Vehicle Act; Stats. 1923, p. 517.)

It follows from what has been said, that the judgment against Peter Orlando, Sr., and Joseph Orlando should be affirmed and the judgment against Peter Orlando, Jr., should be reversed, Peter Orlando, Jr., to recover his costs. And it so ordered.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 3, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 4, 1929.

All the Justices concurred.