[Civ. No. 9278. First Appellate District, Division One.—January 24, 1935.]

ROBERT BOURNE, Respondent, v. NORTHERN COUNTIES TITLE INSURANCE COMPANY (a Corporation), Appellant.

Bronson, Bronson & Slaven for Appellant.

Edmund J. Holl for Respondent.

JAMES, J., *pro tem.*—The sole question presented by this appeal is the sufficiency of the evidence to support the judgment in favor of plaintiff and against the defendant and appellant, Northern Counties Title Insurance Company.

The action is one for damages for personal injuries received by the plaintiff in an automobile collision between an automobile operated by him and one belonging to appellant, which at the time of the accident was being operated by the defendant Bollinger, who admittedly at that time was in appellant's employ. It may be conceded, therefore, that an inference arose from these admitted facts sufficient to establish a *prima facie* case that appellant's automobile was then being operated by Bollinger under the authority of his employer. (*McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417]; *Grantham* v. *Ordway*, 40 Cal. App. 758 [182 Pac. 73]; *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358]; *Dierks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518]; *Fahey* v. *Madden*, 56 Cal. App. 593 [206 Pac. 128].) But it appears to be well settled that "in the face of clear, positive and convincing testimony to the contrary the inference that an employee driving an automobile owned by his employer is acting within the scope of his employment cannot stand". (*Market Street Ry. Co.* v. *George*, 116 Cal. App. 572 [3 Pac. (2d) 41].) Other cases holding to the same effect are *Rock* v. *Orlando*, 100 Cal. App. 498 [280 Pac. 377], *Maupin* v. *Solomon*, 41 Cal. App. 323 [183 Pac. 198], *Kish* v. *California State Auto. Assn.*, 190 Cal. 246 [212 Pac. 27], and *Gousse* v. *Lowe*, 41 Cal. App. 715 [183 Pac. 295]. In other words, as said in *Ransford* v. *Ainsworth*, 196 Cal. 279 [237 Pac. 747], such inference is sufficient to support a verdict against the owner "in the absence of substantial proof, sufficient to destroy such inference".

Here the accident happened late on Christmas eve; and the undisputed, uncontradicted testimony in the case is that Bollinger at that time was not using the car in any sense in furtherance of the business of his employer,

nor with his employer's permission. On the contrary, it shows without any contradiction or conflict whatever that after having finished his work about 2 o'clock on the afternoon of that day he drove the car to his home; and then about 10 o'clock that night, without obtaining any permission from his employer and contrary to the express rules of his employment, he took the car out to use for his own personal pleasure, namely, to deliver some Christmas gifts; and that on the way home the collision occurred. Manifestly, therefore, in view of these undisputed facts, the verdict of the jury cannot be allowed to stand. (*Rock* v. *Orlando, supra; Maupin* v. *Solomon, supra.*) ▄▄ As said in *Gousse* v. *Lowe, supra,* where the facts are admitted or are susceptible of but one meaning, the question of whether the act was within the scope of the servant's employment becomes one of law. It is when reasonable minds may differ thereon that the question remains one exclusively for the jury. (See *Kish* v. *California State Auto. Assn., supra,* to same effect.) True, the question of credibility of the witnesses is one also exclusively for the jury; but in the group of cases relied on by respondent, such as *Market Street Ry. Co.* v. *George, supra, Irwin* v. *Pickwick Stages System, Inc.,* 134 Cal. App. 443 [25 Pac. (2d) 998], and *Bushnell* v. *Yoshika Tashiro,* 115 Cal. App. 563 [2 Pac. (2d) 550], in which the verdicts were sustained, it was pointed out either that the credibility of the witnesses produced by the defendants was such as warranted a rejection of their testimony or that their testimony might reasonably bear different meanings. Neither of those situations has arisen here. Respondent has not pointed out any facts or circumstances whatever which would furnish the slightest justification for rejecting the clear, convincing and undisputed testimony given in support of appellant's case; nor is there a shred of evidence to warrant the inference that Bollinger was using the car that night in connection with his employer's business. All of the evidence proves positively to the contrary. Respondent calls attention to certain portions of the cross-examination of Bollinger and appellant's executive under whom Bollinger worked, to the effect that at different times during Bollinger's employment he parked the car at night in two different garages, and that occasionally he took it home with him at night for the purpose of servicing it or

to make deliveries of documents after office hours or at distant points. But even so, the evidence establishes without dispute that Bollinger was forbidden to use the car at any time for any purposes of his own; and it is not claimed that on this Christmas eve he was performing any duty in connection with his employment.

Therefore, inasmuch as the state of the evidence is such that the verdict against appellant cannot be allowed to stand (*Rock* v. *Orlando, supra; Maupin* v. *Solomon, supra*), the judgment against appellant based thereon must be reversed. It is so ordered.

Knight, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 23, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1935.