HILES and others *v*. CASE, Receiver, etc.

*(Circuit Court, E. D. Wisconsin.* December, 1880.)

1. RAILROAD COMPANY—DEFAULT IN PAYMENT OF MORTGAGE DEBT.

No relation of principal and agent, either in law or equity, is implied from the mere fact that the railroad company continues to operate its road after de-fault in payment of the mortgage debt, nor from the further fact that the bondholders did not take possession after such default, nor from both facts combined.

2. SAME—RECEIVER—PRIORITY OF CLAIM TO NET EARNINGS.

A cause of action against a railroad company for damages for the destruction of property along the line of its road, by fire escaping from defective locomo-tives, is in no proper sense to be considered such a claim as to constitute part of the operating expenses of the road, and is wholly unlike claims for sup-plies, new equipment, right of way, and new construction, or any claim falling legitimately under the head of operating expenses, which are sometimes or-dered paid from the net earnings in the hands of a receiver, as presenting equi-ties superior to those of the bond-holders.

*George H. Noyes* and *G. C. Prentiss*, for petitioners.

*E. C. & W. C. Larned* and *T. G. Case*, for receiver.

DYER, D. J. The petitioners above named have presented petitions for the allowance of claims to a large amount against the receiver of the Green Bay & Minnesota Railroad, who is operating the road under the direction of this court, pending the foreclosure of certain mortgages upon the property, which demands are for loss and dam-ages claimed to have been sustained by the petitioners in the destruc-tion of timber and cranberry marsh, along the line of the road, by fire alleged to have been set by sparks escaping from defective locomo-tives. By suitable and separate allegations it is charged that the fires which caused the damage occurred on different days, in different years, and it is thus made to appear, in each of the petitions, that one of these fires occurred on the seventh day of September, 1877, which was more than four months before a foreclosure of the mort-gage in suit was commenced, and before a receiver was appointed.

To such parts of the petitions as thus allege, as causes against the receiver, loss and damage by fire while the road was being operated by the railroad company, and before it passed into his hands, the receiver has demurred, and the demurrer raises the question whether such claims can be allowed or entertained against him or the property which he has in charge for the bondholders, or against any party other than the railroad company, by whose negligence it is alleged the loss and damage were occasioned.

In *Hale* v. *Frost*, 99 U. S. 389, it was held that the net earnings of a railroad, while it is in the possession of a receiver appointed by the court, may be applied to the payment of claims having superior equities to those of the bondholders. To sustain the claims in question, it is therefore necessary that some equity be found in favor of the petitioners, and superior to that of the bondholders, upon which to base their allowance; and the supposed equity is that the fire in question occurred after default on the part of the railroad company in payment of the mortgage debt or interest; that thereafter the company operated the road as the agent or trustee in equity of the bondholders, and that the alleged liability sought to be enforced in the present proceeding arose from such operation of the road, and as an incident thereto; that therefore it may be put under the head of operating expenses, and so acquire rank as a claim enforceable against the earnings of the road in the hands of the receiver. There is some plausibility in the argument, but it is unsound. No relation of principal and agent, either in law or equity, can be implied from the mere fact that the railroad company continued to operate the road after it was in default in payment of the mortgage debt, nor from the further fact that the bondholders did not take possession of the property after such default, nor from both facts combined. The mortgages gave to the mortgagees the right to take possession after default, but they were not obliged to do so, nor was it necessary that they should take possession in order to avoid such a liability as is here claimed. The railroad company was operating the road when the alleged loss and damage occurred. The negligence of the company, if there was negligence at all, occasioned the loss. For that negligence it alone was responsible. To sustain the position taken by the petitioners it must be held that the bondholders at least impliedly assumed liability for the negligence of the railroad company, and that by operation of law this mortgage security was subordinated to claims of the character of these. I cannot so hold. The alleged cause of action accrued after the company had given mortgages upon all its property, which were

then subsisting liens, and before the receiver was appointed. It can make no difference that they accrued after the company was in default of payment of interest on its bonds. The road was still being operated by the company, and whatever liability existed must have been one against the company alone. In no just or proper sense could such claims as these be considered as part of the operating expenses upon which the petitioners could assert a right prior to that of the mortgagees. They are wholly unlike claims for supplies, new equipment, right of way, and new construction, or any claim falling legitimately under the head of operating expenses, which the court sometimes orders paid from net earnings in the hands of a receiver, as presenting equities superior to those of bondholders.

If such claims as are here in question could be allowed, there would seem hardly to be a limit to the allowance of demands which it might be as forcibly argued were superior in their equities to those of the secured creditors, but which could not be allowed upon any sound principle of equity, nor without substantially impairing, and perhaps destroying, an otherwise valuable security.

The demurrer to such parts of the petition as state causes of action against the railroad company, accruing prior to the appointment of the receiver, is sustained.