CENTRAL TRUST Co. and others *v.* WABASH, ST. L. & P. RY. Co.
(BOUTWELL and others, Intervenors.)[1]

*(Circuit Court, E. D. Missouri.* September 27, 1886.)

RAILROADS—MORTGAGES—LIENS—LACHES.
　　Where a claim for damages for the loss of property in the course of transportation, against a railroad in the hands of receivers, originated more than three years before the appointment of such receivers, *held.* that the claimant was not entitled to any priority over mortgage creditors, notwithstanding the fact that negotiations for the purpose of settling the claim had been carried on between the claimant and the railroad company from the time of the loss until the receivers were appointed.

In Equity.

The intervenors sue for the value of four car-loads of grain which the Wabash, St. Louis & Pacific Railway Company undertook, before being placed in the hands of a receiver, to transport to Troy, New York, and there deliver to intervenors, but which it failed to so transport and deliver; and the intervenors pray that the sum claimed to be due them be ordered to be paid out of the rents and profits of the property in the hands of the receivers of said road.

The matter was referred to a master, and submitted to him on an agreed statement of facts, from which it appears that said railway company received said grain for transportation, and transported it as far as Toledo, Ohio, where the different car-loads arrived at the following dates, viz.: Two car-loads, December 10, 1880; one car-load, December 20, 1880; and one car-load, January 21, 1881; that all four car-loads were negligently detained at Toledo until February 11, 1881, when they were all greatly damaged by a flood, which was an act of God, and could not have been foreseen, but which would have been avoided if the grain had been forwarded to Troy within a reasonable time; that, after being damaged by the flood, the grain

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

was sold by the railroad company; that said company has retained the proceeds of said sale; that the intervenors were engaged with said company in investigating the cause of the loss of said grain, and in negotiating for the purpose of effecting a settlement of their claim from the time of the loss until the appointment of a receiver herein; and that on March 24, 1884, said company offered to compromise the claim for 50 cents on the dollar.

The receivers herein were appointed May 28, 1884.

The master reports that the intervenors are not entitled to recover the full value of their grain, but recommends that the receivers be ordered to pay, out of the rents and profits of the property in their charge not otherwise appropriated, the amount realized by said railroad company from the sale of said grain.

The receivers except to the master's report, (1) because the finding is against the law; (2) because the finding is for the intervenors; (3) because the sum allowed is allowed as an equitable lien.

The intervenors also filed exceptions.

*Robert & Hitchcock*, for intervenors.

*Wells H. Blodgett, H. S. Priest,* and *Geo. S. Grover,* for receivers.

TREAT, J., (*orally.*) In the intervening petition of Boutwell & Son, the intervenor excepted to the report of the master. The exceptions will be overruled. There are three exceptions filed by the receivers. The third exception will be sustained; the other two overruled.

The effect of this is that the amount for which the Wabash Company should have responded in 1881 is allowable against the Wabash Corporation, as a corporation, and not against the receivers, or the funds in their hands earned since their appointment, to be made prior in right to the mortgages. It is nothing but a debt at large against the corporation, and not prior in right to the mortgages.