(May 10, 1913.)

## HENRY SEYMOUR, Respondent, v. BOISE RAILROAD CO., LTD., Appellant.

[132 Pac. 427.]

CORPORATION—SALE OF FRANCHISES AND PROPERTY—CONSTITUTIONAL PROVISION—LIABILITY OF PURCHASER—SALE OF FRANCHISE AND PROPERTY HELD THEREUNDER—RIGHTS OF CREDITORS.

1. Under the provisions of sec. 15, art. 11 of the state constitution, a corporation is prohibited leasing or alienating its franchise and property "so as to release or relieve the franchise or property held thereunder from any of the liabilities of the lessor or grantor, or lessee or grantee, contracted or incurred in the operation, use, or enjoyment of such franchise, or any of its privileges."

2. Under the provisions of sec. 15, art. 11 of the state constitution, the franchise of a corporation and property held thereunder are still liable for the payment of any liability incurred by the grantor or lessor or grantee or lessee of such corporation prior to any lease, sale or alienation of the franchise, and any pre-existing liability incurred in the operation, use or enjoyment of such franchise becomes a preferred claim against the franchise and property transferred and is superior to any subsequent bonds, mortgages or encumbrances placed thereon by the purchaser or transferee of such property.

3. A judgment obtained for personal injuries inflicted by a corporation in operating its street-cars is a liability contracted or incurred in the operation, use or enjoyment of the franchise of such corporation within the meaning of sec. 15, art. 11 of the state constitution, and becomes a claim against the franchise and property of such corporation in the hands of a purchaser or grantee of the franchise and property held thereunder.

4. Where a new corporation is formed by stockholders and directors of an existing corporation, and the directors of the new corporation are the same persons who were a majority of the directors of the old corporation, and 98 per cent of the issued stock of the new corporation is held by the same persons who were stockholders in the old corporation, and the new corporation purchases all the franchises and property of the old corporation and pays therefor in shares of the capital stock of the new corporation and in cash to the amount of 87½ per cent of the par value of $150,000 worth of first mortgage bonds of the new corporation, *held,* that the transaction amounts in fact and law to a reorganization of the old corporation, and that the new corporation is liable for a judgment against the old corporation which was rendered for damages on account of personal injuries inflicted by the old corporation.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Carl A. Davis, Judge.

Action to have a judgment entered against a corporation for personal injuries declared to be a debt and liability of a new corporation that purchased and took over all of the franchises and property of the debtor corporation.   Judgment for plaintiff.   Defendant appealed.   *Affirmed.*

Cavanah, Blake & MacLane, for Appellant.

Plaintiff and respondent did not seek to recover in this action on the first count in his complaint on the theory that a corporation taking over all the franchises and property of another company was liable for the debts and liabilities of the selling corporation.

"The general rule undoubtedly is, that a corporation which purchases all the property of another corporation is not liable for the debts of the latter."   (2 Cook on Corporations, 6th ed., sec. 673 (and cases cited).   See, also, *Anderson v. War Eagle Cons. Min. Co.,* 8 Ida. 789, 72 Pac. 671.)

The respondent in this case is pursuing a purely legal remedy.   He is simply seeking to recover a personal judgment against the appellant.   He is not seeking to follow the franchises and property of the Boise Traction Company, and in this action he is not entitled to the relief which he asks for.

It may be said that, as a general rule, a corporation is not liable for the negligence or other torts of another corporation to whose property and franchises it has succeeded. (*Cooper v. Utah Light & Ry. Co.*, 35 Utah, 570, 13 Am. St. 1075, 102 Pac. 202; 2 Clark & Marshall, Corp., sec. 342.)

B. F. Neal and G. H. Rust, for Respondent.

"If the facts stated show that the primary rights, or the cause of action or the remedy to be obtained are equitable, then the action itself is equitable, governed by the doctrines of equitable jurisprudence and falling within the equitable jurisdiction of the court." (Pomeroy, Equity Jur., 3d ed., sec. 354, p. 548; *Martin v. Atchison*, 2 Ida. 624 (590), 33 Pac. 47; *Coleman v. Jaggers*, 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894.)

We deny that the cause of action stated in the first count is an action at law. It is an action in equity, with like allegations and facts and like prayer for relief as *Cooper v. Utah L. & R. R. Co.*, 35 Utah, 570, 136 Am. St. 1075, 102 Pac. 202, and is controlling in that case. Art. 11, sec. 15 of the Idaho constitution has been construed in California, Kentucky, Utah and Washington, which have the identical section. (*Lee v. Southern Pac.*, 116 Cal. 97, 58 Am. St. 140, 47 Pac. 932, 38 L. R. A. 71; *City of South Pasadena v. Pasadena L. & W. Co.*, 152 Cal. 579, 93 Pac. 490; *Weyeth Hdw. etc. Co. v. James Spencer etc. Co.*, 15 Utah, 110, 47 Pac. 604; *Blackrock etc. Co. v. Tingey*, 34 Utah, 369, 131 Am. St. 850, 98 Pac. 180; *Cooper v. Utah L. & Ry. Co., supra.*)

A corporation buying all of the property of another corporation and paying therefor in stock of the former corporation issued to the stockholders of the latter corporation must either pay the obligations of the latter corporation or have its property sold to pay such obligations. (Cook, Corporations, 6th ed., secs. 673, 2037; Thompson on Corporations, 2d ed., sec. 6105.)

STATEMENT OF FACTS.

The respondent here, who was the plaintiff in the lower court, commenced his action against the appellant, the Boise

Railroad Co., alleging that it is engaged in the business of a common carrier of passengers in and over the public streets and alleys of Boise City under and by virtue of franchises granted by the proper municipal authorities.

The first count of the complaint on which the judgment was entered, among other things, alleges the following facts: That the Boise Railroad Co. has an authorized capital of 9,000 shares of the par value of $100 each, of which the sum of 1,500 shares is preferred stock and 7,500 shares is common stock; that the corporation was organized on or about the 27th day of November, 1906, by John J. Blake, Charles A. Hutchinson, and A. R. Cruzen, each of whom subscribed one share of the stock of the corporation; that thereafter and on the same day the secretary of the corporation filed his certificate in the office of the secretary of state, certifying that 2,002 shares of the capital stock of the corporation of the par value of $200,200 had been subscribed, that the articles of incorporation provided for a board of directors, consisting of five members; and that, among other things, the articles provided that the company was incorporated for the purpose of acquiring by purchase or otherwise street railway rights and privileges and franchises from cities and municipalities, or from private corporations or persons, and to do all things in connection with acquiring and maintaining and operating street railways, and particularly to acquire, maintain and operate a street railway in Boise City on certain streets therein enumerated of the estimated length of about eight and a half miles; that at the time of making and filing these articles of incorporation by the Boise Railroad Co., the Boise Traction Co., Ltd., was and had been since about the 29th day of March, 1904, a public service corporation duly organized under the laws of the state of Idaho, having its principal place of business at Boise City, and that it was at such time the owner of and operating lines of street railway upon all of the streets and alleys of Boise City, described in the articles of incorporation of the defendant, the Boise Railroad Co., as the streets upon which the latter company proposed to operate its lines of street railway, and that at such time the Boise Trac-

tion Co. had the exclusive right and privilege by virtue of a franchise duly granted to it by the ordinances of Boise City to maintain and operate street railway lines upon the streets designated in the articles of incorporation of the Boise Railroad Co.; that the first board of directors of the defendant, Boise Railroad Co., was composed of John J. Blake, A. R. Cruzen, Charles A. Hutchinson, I. W. Anderson, and S. D. Sinkler, and that such persons continued to be the members of the board of directors of the defendant corporation until about the 6th day of August, 1909; that on about the 12th day of June, 1906, and while the Boise Traction Co. was the owner of street railway lines operated in Boise City over the streets, alleys and public places designated in the complaint, the plaintiff, through the negligence and wrongful act of the Boise Traction Co., was injured and damaged, and thereafter prosecuted his action against the Boise Traction Co. for his damages and subsequently obtained a judgment against such company for the sum of $1,000 damages and $86.40 interest, which judgment and decree was entered against the Boise Traction Co. on the ——— day of December, 1909.

"That on or about the 1st day of September, 1906, the annual meeting of the stockholders of the Boise Traction Company, Limited, was held in Boise, Idaho, there being present at said meeting C. A. Hutchinson representing one share was present in person, and that A. R. Cruzen, representing one share was present in person, and said C. A. Hutchinson represented 1,270 shares of stock by proxy, the balance of said shares, to wit, 228 shares, not being represented either in person or by proxy; that at said meeting Isaac W. Anderson, J. Renwick Hogg, W. W. Keen, T. W. Synnett, W. M. O'Boyle, C. A. Hutchinson, A. R. Cruzen, S. D. Sinkler, and Howard Butcher, Jr., each received 1,272 stock votes, being all of the stock represented at said meeting and were declared to be duly elected as the Board of Directors for the ensuing year.

"That thereafter, at a directors' meeting held January 12, 1907, T. W. Synnett and Howard Butcher, Jr., resigned as directors of the Boise Traction Company, Limited, and on the same day immediately thereafter John J. Blake and Albert

S. Mack were appointed to fill the vacancies on said Board of Directors and that the Board of Directors was so constituted as above stated during all of the times hereinafter stated.

"That thereafter on the same day at a directors' meeting, there being present and concurring therein the following directors, to wit: I. W. Anderson, S. D. Sinkler, A. R. Cruzen, John J. Blake, and Albert S. Mack, being a majority of said board, the board of directors of said Boise Traction Co., Ltd., adopted the following resolution by the unanimous vote of the aforesaid directors, to wit:

## " 'RESOLUTION.

" 'It is resolved by the directors of the Boise Traction Company, Ltd., that it is for the best interests of said company to sell and convey its entire assets, including its franchises, to the Boise Railroad Company, Ltd., upon the issuance and delivery by the said Boise Railroad Co., Ltd., of 1,500 shares of its common capital stock and 1,500 shares of its preferred stock, full paid and nonassessable, together with the proceeds of 150 first mortgage bonds of said Boise Railroad Co., Ltd., of the par value of $1,000 each, which said bonds are to be sold to Rhodes, Sinkler, & Butcher, Bankers, of Philadelphia, Penn., at 87½% of their par value together with accrued interest; and the president, or in his absence the vice-president, and the secretary of this company, are hereby authorized and directed to make, execute and deliver for and in behalf of the said Boise Traction Co., Ltd., and as its act and deed, a conveyance of the entire assets of this company, including its franchises, and to affix to the said conveyance the corporation name and seal of the said corporation.'

"That thereafter and on the same day, to wit, January 12, 1907, immediately after the adjournment of the above mentioned directors' meeting a special stockholders' meeting of the Boise Traction Co., Ltd., was convened and held, at which were present in person I. W. Anderson, Charles A. Hutchinson, A. R. Cruzen, and S. D. Sinkler, they together representing in person 320 shares and also 1,180 shares were represented by I. W. Anderson as proxy for the owners and said shares

so represented in person and by proxy, to wit, 1,500 shares, being all of the shares of the capital stock of the Boise Traction Co., Ltd., and thereupon the following resolution was adopted by the unanimous vote of all the stockholders of the Boise Traction Co., Ltd., viz.:

" 'Whereas, a proposition has been received from the Boise Railroad Co., Ltd., offering to purchase the entire assets of this company, including its franchises, by delivering to the stockholders of this company 1,500 shares of the common capital stock and 1,500 shares of the preferred stock, full paid and nonassessable, of the said Boise Railroad Co., Ltd., and the proceeds of 150 first mortgage bonds of the said Boise Railroad Co., Ltd., which said bonds are to be sold to Rhodes, Butcher & Sinkler, Bankers, of Philadelphia, Penn., at 87½% of their par value and accrued interest, and

" 'Whereas, all of the stockholders of this company are in favor of accepting said offer and selling the entire assets of this company, including its franchises, upon the delivery of the amount of stock above referred to and the proceeds of said mortgage bonds to be sold as aforesaid;

" 'Now, therefore, be it resolved: that said proposition of the Boise Railroad Co., for the purchase of all of the assets of this company, including its franchises, by delivering to the stockholders of this company 1,500 shares of the common capital stock and 1,500 shares of the preferred stock, full paid and nonassessable, of the said Boise Railroad Co., Ltd., and the delivery of the proceeds of 150 first mortgage bonds of the said Boise Railroad Co., Ltd., of the par value of $1,000 each, which said bonds are to be sold to Rhodes, Sinkler & Butcher of Philadelphia, Penn., at 87½% of their par value and accrued interest, be and the same is hereby accepted.

" 'That it is for the best interests of this company to sell and convey all its assets upon such terms; and the Board of Directors of this company are hereby authorized and empowered and instructed to accept said proposition and to cause a conveyance of the entire assets, including the franchises of this company, to be made to the said Boise Railroad

Co., Ltd., upon the said Boise Railroad Co., Ltd., issuing and delivering to the stockholders of this company 1,500 shares of the common capital stock and 1,500 shares of the preferred stock, full paid and nonassessable, of said company, together with the proceeds of 150 first mortgage bonds of the said Boise Railroad Co., Ltd., of the par value of $1,000 each, aggregating $150,000, which said bonds are to be sold to Rhodes, Sinkler & Butcher, Bankers, of Philadelphia, Penn., at 87½% of their par value, together with accrued interest.' ''

That thereafter and on the 28th day of January, 1907, the Boise Traction Co. executed and delivered to the defendant Boise Railroad Co. its deed of conveyance for the consideration named in the foregoing resolutions and in accordance therewith, and that the property conveyed by the deeds from the Boise Traction Co. to the Boise Railroad Co. comprised all of the property of any kind whatsoever, claimed and owned by the Boise Traction Co., and that ''as the sole and only consideration thereof the defendant paid to the Boise Traction Co., Ltd., the proceeds of $165,000 worth of its first mortgage bonds, sold to Rhodes, Sinkler and Butcher, on the basis of 87½% and $150,000 par value, being all of the preferred stock of the defendant, and $165,000, par value, of the common stock of defendant''; that the persons who on the 12th day of January, 1906, were the owners of the capital stock of the Boise Traction Co., Ltd., were also the owners of more than 98% of the issued and outstanding stock of the Boise Railroad Co., and that the persons who were then the members of the board of directors of the Boise Railroad Co. were also a majority of the board of directors of the Boise Traction Co. and that Isaac W. Anderson was then and at all times theretofore the vice-president and also a member of the board of directors of the Boise Traction Co. and also the vice-president and a member of the board of directors of the Boise Railroad Co., and was the person who, on behalf of the owners of more than ⅚ *of the capital stock of the Boise Traction Co. represented the owners in these transactions, and also was a representative of more than ⅚ of the capital stock of the*

*Boise Railroad Co.*, and that Charles A. Hutchinson was at all times the managing officer of the Boise Traction Co. and at all times has been and still is the managing officer of the Boise Railroad Co.; that they who constituted the board of directors of the Boise Railroad Co. at all times knew of the injuries inflicted on the plaintiff by the negligent and wrongful act of the Boise Traction Co. and knew of the judgment and claim that the plaintiff had and held against the traction company; that the transaction whereby the Boise Railroad Co. was organized and purchased and took over the property and franchises of the Boise Traction Co. was in truth and in fact a mere "reorganization, amalgamation and consolidation scheme and was not a sale." The foregoing allegations are followed by allegations of demand for payment made by the plaintiff on the Boise Railroad Co., defendant, and of supplementary proceedings had therein.

The second count of the complaint is not material on this appeal. The complaint prayed for a judgment restraining the defendant from selling its property or franchises until plaintiff's judgment was satisfied, and that all of its property be subjected to the payment of plaintiff's judgment. Defendant demurred to the complaint and its demurrer was overruled as to the first cause of action herein. Defendant thereupon filed an answer which admitted practically all of the allegations of plaintiff's cause of action except the allegation that Isaac W. Anderson represented 5/6 of the stock of the Boise Traction Co. and was the person who negotiated the transaction between the two companies, and also denied that the transaction was a reorganization instead of a *bona fide* sale. A demurrer was sustained to this answer to the first cause of action. Defendant refused to plead further and judgment was entered in favor of the plaintiff. The judgment entered was a straight money judgment against the Boise Railroad Co.

AILSHIE, C. J. (After Stating the Facts.)—This is clearly an equitable action to have the judgment procured by respondent against the Boise Traction Co. adjudged and de-

creed to be a charge and claim against the Boise Railroad Co., the appellant. (See *Cooper v. Utah Light & Ry. Co.,* 35 Utah, 570, 136 Am. St. 1075, 102 Pac. 202; *Hibernia Ins. Co. v. St. Louis etc. Co.,* 13 Fed. 516; Pomeroy, Eq. Juris., 3d ed., sec. 354.)

Under the facts alleged in this case, the respondent was clearly justified under sec. 15, art. 11, of the state constitution in asking that the franchise of the Boise Traction Co. and all property held thereunder be subjected to the payment of his judgment, although such property and franchises had been alienated and transferred to the appellant. (See *Cooper v. Utah L. & R. R. Co.,* 35 Utah, 570, 135 Am. St. 1075, 102 Pac. 202; *Lee v. Southern Pacific R. R. Co.,* 116 Cal. 97, 58 Am. St. 140, 47 Pac. 932, 38 L. R. A. 71; *City of South Pasadena v. Pasadena L. & W. Co.,* 152 Cal. 579, 93 Pac. 490.)

Sec. 15 of art. 11 of the constitution provides as follows: "The legislature shall not pass any law permitting the leasing or alienation of any franchise so as to release or relieve the franchise or property held thereunder from any of the liabilities of the lessor or grantor, or lessee or grantee, contracted ʻor incurred in the operation, use, or enjoyment of such franchise, or any of its privileges." It will be noticed that the constitution does not forbid a transfer of the franchise and property of a corporation but simply declares that no sale or transfer shall release the franchise and property held thereunder from any liability incurred by the grantor or lessor or grantee or lessee in the operation, use or enjoyment of such franchise. (Sec. 15, art. 11, Const.; *City of South Pasadena v. Pasadena L. & W. Co.,* 152 Cal. 579, 93 Pac. 490.) It was the intention of the framers of the constitution to make these pre-existing "liabilities" preferred claims against the franchise and property transferred, and to declare them prior and superior to any subsequentʻbonds, mortgages or encumbrances placed thereon by the purchaser or transferee of such franchise and property.

If it were not for some special and peculiar facts admitted in this case, we are of the opinion it would be our duty to order the judgment in the case so modified as to permit the

execution to run only against the franchises and property held thereunder transferred by the traction company to the appellant. There are facts, however, which are set out in the complaint which lead us to conclude that the judgment may properly run against all the property and franchises of the appellant.

1. It appears that both the incorporators and the board of directors of the Boise Railroad Co. knew of respondent's claim at the time of the organization of the corporation, and also at the time of the transfer from the Traction Company to the railroad company, and the appellant, therefore, took the transfer of the franchises and property from the traction company with knowledge of the existence of this claim.

2. The organization of the Boise Railroad Co. and the transfer of all the property and franchises of the Boise Traction Co. to the railroad company was in fact and law only a reorganization of the old company,—the new corporation having a board of directors who composed a majority of the board of directors of the old corporation and more than 98% of the subscribed stock of the new corporation being held by the same stockholders who held the stock of the old corporation.

3. The payment made for this alleged sale and transfer as evidenced by the resolutions passed by both companies at the time of the transfer was the delivery "to the stockholders of the Boise Traction Co. of 1,500 shares of the common capital stock and 1,500 shares of the preferred stock, full paid and nonassessable, of the said Boise Railroad Co., Ltd., and the proceeds of 150 first mortgage bonds of the said Boise Railroad Co., Ltd., which said bonds are to be sold to Rhodes, Butcher & Sinkler of Philadelphia, Penn., at 87½ per cent of their par value and accrued interest."

It will thus be seen from the evidence furnished by these corporations themselves, as entered upon their own records, that the consideration for this transfer was to pass, not to the Boise Traction Co. but to its stockholders, and that in addition to receiving these 3,000 shares of stock in the new cor-

poration, they were also to receive in actual cash the receipts from the sale of 150 first mortgage bonds of the par value of $1,000 each, which were to be sold at 87½% of their par value.

The new corporation could not equitably take over and receive all the franchises and property of the old corporation, knowing that it was indebted to this respondent, and at the same time turn over to the stockholders of the old corporation these shares of stock in the new corporation, and at the same time encumber the property with $150,000 bonded indebtedness and pay that money over to the stockholders of the old corporation, and then avoid liability on respondent's claim which had been incurred prior to this transaction and prior to the issuance of these bonds and the incurring of this bonded indebtedness.

For these reasons we feel that the judgment in this case should be affirmed and stand as a judgment collectible out of any and all property belonging to the appellant corporation.

The supreme court of Utah in the case of *Cooper v. Utah Light & Ry. Co.*, 35 Utah, 570, 136 Am. St. 1075, 102 Pac. 202, in considering a transaction and state of facts that fell short of the facts shown in this case, said: "A transaction whereby one corporation sells and transfers all its property and franchises, except the franchise to be a corporation, to another corporation, upon an agreement that the proceeds or consideration of the sale should be distributed to the stockholders of the selling corporation, and where the proceeds are so distributed in accordance with such agreement entered into between the two corporations, is, as to creditors of the selling corporation, not only fraudulent, but unlawful."

The case at bar differs very materially from the case of *Anderson v. War Eagle Con. Min. Co.*, 8 Ida. 789, 72 Pac. 671. That was an action at law, and was so treated throughout the proceedings in the trial court, and the equitable side of the case appears not to have been urged until the hearing on appeal. This case has been presented on an entirely different theory and quite different pleadings, and presents several different features from the War Eagle case.

We are of the opinion that the judgment in this case should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.