BLACK et al. v. MANHATTAN TRUST CO. et al.

(District Court, D. Oregon.   May 4, 1914.)

No. 5922.

1. RECEIVERS (§ 69*)—APPOINTMENT—RIGHTS IN PROPERTY.
    A receiver by his appointment as such acquires no greater or superior right or interest in the property coming into his hands than the debtor had, and stands in the shoes of the debtor, taking the property in the same plight and subject to the same equities and liens as he finds it in the hands of a person or corporation out of whose hands it has been taken.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 124, 125; Dec. Dig. § 69.*]

2. RECEIVERS (§ 142*)—SALE OF PROPERTY—RIGHTS OF PURCHASER.
    A purchaser at a receiver's sale takes the property subject to all subsisting paramount liens, which are not divested or affected by the sale as against strangers to the record, where a sale free from incumbrances is not authorized.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 248–251; Dec. Dig. § 142.*]

3. MORTGAGES (§ 535*)—FORECLOSURE—PARTIES—SUBSEQUENT MORTGAGEE.
    Subsequent mortgagee, though not an indispensable party to a suit to foreclose a prior mortgage, is a necessary party, and if not made a-party or brought in by proper service, and makes no appearance, his rights are not disturbed by a foreclosure and sale of the premises thereunder.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig. § 535.*]

4. MORTGAGES (§§ 535, 594*)—FORECLOSURE—SHERIFF'S OR MASTER'S DEED—EFFECT—SUBSEQUENT MORTGAGE.
    While a sheriff's or master's deed under mortgage foreclosure proceedings may carry the title to the property, it does not divest a subsequent mortgagee, not made a party, of his lien which he may enforce or redeem the property.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1556, 1709–1731; Dec. Dig. §§ 535, 594.*]

5. MORTGAGES (§ 535*)—FORECLOSURE—RECEIVER'S SALE.
    A decree in mortgage foreclosure proceedings, directing a receiver to sell the property, to pay taxes and the costs of suit, etc., even though it had declared that the sale should be free from incumbrances, would not have cut off the rights of a subsequent mortgagee, which was not served and had not appeared in the suit.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig. § 535.*]

Suit by William Black and T. A. Snook against the Manhattan Trust Company and George S. Wood, as trustee of the Oregon Development Company, a corporation, and others.   Bill dismissed as to defendant trust company.

George W. Hazen, of Portland, Or., for plaintiffs.

Platt & Platt and Palmer L. Fales, all of Portland, Or., for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOLVERTON, District Judge. This is a suit to quiet title to certain premises described in the bill of complaint; the real purpose being to remove a cloud, consisting of a certain mortgage now owned by the Bankers' Trust Company, the successor in right, title, and interest to the Manhattan Trust Company, of New York City.

On and prior to February 14, 1890, the Oregon Development Company ·was the owner of the premises, subject, however, to the lien of a certain mortgage previously given to Jacob Halsted and Bushrod Wilson, trustees. On said date the development company gave a mortgage on the premises, including other premises, to the Manhattan Trust Company. On May 1, 1893, George S. Wood, having succeeded as trustee to the interest of Halsted and Wilson, trustees, instituted a suit in the United States Circuit Court for the District of Oregon to foreclose his mortgage, making the Oregon Development Company and the Manhattan Trust Company parties defendant, in which suit a receiver was appointed. About June 13, 1894, an order was entered in the cause, directing the Manhattan Trust Company to appear, plead, answer, or demur to the bill therein filed by the 25th day of July, 1894, and that such order be served upon such defendant 20 days prior to the latter.date. This order was never served, and the Manhattan Trust Company never appeared, so far as the record discloses in said cause. Thereafter property of the development company, including the premises in suit, was sold by the receiver to pay the costs of the suit and certain taxes assessed against the property of the company in Benton and Lincoln counties. The plaintiffs derive their title, through mesne conveyances, from the receiver by virtue of such sale.

[1] The Bankers' Trust Company, the successor to the Manhattan Trust Company, resists the bill on the ground that the Manhattan Trust Company was never served with process in the case of Wood v. Oregon Development Company et al., and never appeared therein, and that therefore it was never foreclosed of its lien upon the property of the development company, including the premises in suit. A receiver by his appointment as such acquires no greater or superior right.or interest in the property coming into his hands than the debtor had, and in this relation may be said to stand in the shoes of the debtor; and, furthermore, as a general rule the receiver takes the property in the same plight and condition, and subject to the same equities and liens, as he finds it in the hands of the person or corporation out of whose hands it is taken. 34 Cyc. 191, 193.

[2] So, also, a purchaser at a receiver's sale takes the property subject to all subsisting paramount liens, and such liens are not divested or affected by such sale, as against strangers to the record, where a sale free from incumbrance is not authorized. 34 Cyc. 334.

[3, 4] A subsequent mortgagee· is a necessary, but not an indispensable party to a suit on the part of a prior mortgagee to foreclose. But if not made a party or brought into the suit by proper service of summons, and he makes no appearance therein, his rights are not disturbed by a foreclosure and sale of the premises thereunder. While the sheriff's or master's deed under the foreclosure may carry

the title to the property, it does not divest the subsequent mortgagee, not made a party, of his lien, and he has his appropriate remedy to enforce his lien or to redeem the property sold notwithstanding. Besser v. Hawthorn, 3 Or. 512; De Lashmutt v. Sellwood, 10 Or. 319; Sellwood v. Gray & De Lashmutt, 11 Or. 534, 5 Pac. 196; Watson v. Dundee Mortgage & Trust Inv. Co., 12 Or. 474, 8 Pac. 548; Gaines v. Childers, 38 Or. 200, 63 Pac. 487; Williams v. Wilson, 42 Or. 299, 70 Pac. 1031, 95 Am. St. Rep. 745.

[5] The decree directing the receiver to sell the debtor's property in the Wood Case does not declare that the sale shall be made free of incumbrances, and if it had, it could not have operated to cut off the right of the Manhattan Trust Company; it not having been served, and not having appeared in the case. So that, in either event, the Manhattan Trust Company was not foreclosed of its lien in the premises.

It will be noted that the sale was not a tax sale by the proper officer of the counties interested, but a receiver's sale to pay such taxes and the costs of the suit. In such a case the Manhattan Trust Company was not precluded to insist that its lien continued to exist against the premises sold by the receiver. Its successor stands in the same right.

I make no decision as to whether the trust company's lien is superior to the lien of the taxes.

The bill will be dismissed as to the trust company.