---

### SUNDLES v. IDAHO–OREGON LIGHT & POWER CO.

(District Court, D. Idaho, S. D. August 28, 1914.)

1. CORPORATIONS (§ 560*)—RECEIVERS—JUDGMENT.
    Where a receiver was appointed for an insolvent corporation pending an action against the corporation for a tort, judgment could not be granted in that action against the receiver; the court being unable therein to adjust the equities of the parties, if any.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260, 2262; Dec. Dig. § 560.*]

2. CORPORATIONS (§ 566*)—INSOLVENCY—CLAIMS—JUDGMENT FOR TORT—PREFERENCES.
    Where judgment was recovered against a corporation for tort, plaintiff was not entitled to have the same allowed as a preferred claim against the corporation's assets in insolvency as against the rights of mortgaged bondholders, either under Const. Idaho, art. 11, § 15, providing that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Legislature shall not pass any law permitting the leasing or alienation of any franchise, so as to release or relieve the franchise or property held thereunder from any liability of the lessor, grantor, lessee, or grantee contracted or incurred in the operation, use, or enjoyment of such franchise, or any of such privileges, or independent thereof.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2283–2286; Dec. Dig. § 566.*]

At Law. Action by A. H. Sundles against the Idaho-Oregon Light & Power Company, continued in the name of W. J. Ferris, appointed receiver of the defendant's property pendente lite. On motion for judgment. Judgment granted against the corporation, but denied as against the receiver.

Richards & Haga, of Boise, Idaho, for plaintiff.

Cavanah, Blake & MacLane, of Boise, Idaho, for defendant.

DIETRICH, District Judge. The defendant corporation is engaged in furnishing to private consumers electric light and power, and on or about June 5, 1913, in the course of the construction of one of its transmission lines, its employés carelessly left a wire suspended in such a way that the plaintiff, while mowing weeds in the public highway, came into contact therewith and was very seriously injured. He commenced this action in the state district court to recover damages, and upon the petition of defendant the same was removed to this court. In the meantime, in a suit originally brought against the corporation for the foreclosure of a trust deed given to secure a large issue of bonds, and executed and recorded long before the happening of the accident, the defendant W. J. Ferris was appointed receiver of all of its property, who, by permission of the court, has appeared here upon its behalf.

[1] It seems that the defendant carried insurance in a casualty company, indemnifying it against loss on account of accidents such as this, and upon the recommendation of the receiver he was authorized to accept from the insurer $3,500 in compromise of its liability, and to execute to it a release in full. An understanding has also been reached between counsel for plaintiff and counsel for the defendant corporation and its receiver, with the approbation of the court, by which the responsibility of the defendant for the accident is acknowledged, and a judgment against it is to be entered for $7,000, leaving open for determination, however, the general question of the dignity of the judgment with respect to other claims against the property of the estate. In view of the acknowledged liability of the corporation, an order has already been made directing the receiver to pay over to the plaintiff the full amount of $3,500 received from the casualty company, so that the question now submitted on the motion for judgment against the receiver is whether or not the balance of $3,500 can be treated as a preferential claim against the insolvent estate. In any view of the question it is thought the motion for judgment against the receiver cannot be allowed. The action is one at law to recover damages for a tort, and in it the court could not adjust such equities, if any, as may exist. Other claims for preferences are being pressed, and the claimants, as well as the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mortgage trustee, have a right to be heard in resistance to the allowance
of this as a preferred claim, and it will therefore be necessary for the
plaintiff to intervene in the foreclosure suit.

[2] While upon this ground alone the motion must be denied, the
general question of the rights of the holder of a liquidated claim aris-
ing out of a tort, as against the trustee of a pre-existing mortgage, has
been submitted, and will be disposed of. The weight of authority is
undoubtedly adverse to the plaintiff's contention. There is little to be
added to the brief and comprehensive exposition of the law upon the
subject in Farmers' Loan & Trust Co. v. Northern Pacific Co. (C. C.)
74 Fed. 431, where the conclusion was reached that the allowance of
such a claim in preference is unwarranted. See, also, Trust Co. v.
Riley, 70 Fed. 32, 16 C. C. A. 610, 30 L. R. A. 456; Easton v. Huston,
& T. C. R. Co. (C. C.) 38 Fed. 12; In re Dexterville Mfg. Co. (C. C.)
4 Fed. 873; Hiles v. Case (C. C.) 14 Fed. 141; Farmers' Loan & Trust
Co. v. Detroit, etc., R. Co. (C. C.) 71 Fed. 29; Farmers' Loan & Trust
Co. v. Green Bay, etc. (C. C.) 45 Fed. 664; Central T. Co. v. Wabash,
etc. (C. C.) 28 Fed. 871; Central T. Co. v. East Tennessee, etc., Co.
(C. C.) 30 Fed. 895; Ames v. Union Pacific R. Co. (C. C.) 74 Fed. 335;
Foreman v. Central T. Co., 71 Fed. 776, 18 C. C. A. 321. The plaintiff's
view is more or less strongly supported by Green v. Coast Line R. Co.,
97 Ga. 23, 24 S. E. 814, 33 L. R. A. 806, 54 Am. St. Rep. 379, Farm-
ers' L. & T. Co. v. Northern Pacific R. Co. (C. C.) 71 Fed. 245, Farm-
ers' L. & T. Co. v. Kansas City, etc. (C. C.) 53 Fed. 182, and Dow v.
Memphis, etc., R. R. Co. (C. C.) 20 Fed. 260. The last two cases, how-
ever, were decided by Judge Caldwell at circuit, and seem to be out
of harmony with Trust Co. v. Riley, supra, in the decision of which by
the Circuit Court of Appeals he participated.

While it has not been called to my attention that the Supreme Court
of the United States has ever considered the question, it has clearly
been its disposition to limit rather than to extend the application of the
rule of preferences. Kneeland v. American L. & T. Co., 136 U. S. 89,
10 Sup. Ct. 950, 34 L. Ed. 379; Gregg v. Metropolitan T. Co., 197 U.
S. 183, 25 Sup. Ct. 415, 49 L. Ed. 717.

The further contention is made that a preference right may in some
manner be made to rest upon section 15 of article 11 of the Constitu-
tion of Idaho, which is as follows:

"The Legislature shall not pass any law permitting the leasing or alienation
of any franchise so as to release or relieve the franchise or property held
thereunder from any liability of the lessor or grantor, or lessee or grantee,
contracted or incurred in the operation, use, or enjoyment of such franchise,
or any of its privileges."

But I am unable to concur in the view that this provision is appli-
cable. Of it the Supreme Court of Idaho has said (Seymour v. Boise
R. R. Co., 24 Idaho, 7, 132 Pac. 427):

"It will be noticed that the Constitution does not forbid a transfer of the
franchise and property of a corporation, but simply declares that no sale or
transfer shall release the franchise and property held thereunder from any
liability incurred by the grantor or lessor or grantee or lessee in the opera-
tion, use, or enjoyment of such franchise. Section 15, art. 11, Const.; City
of South Pasadena v. Pasadena L. & W. Co., 152 Cal. 579, 93 Pac. 490. It

was the intention of the framers of the Constitution to make these pre-existing 'liabilities' preferred claims against the franchise and property transferred, and to declare them prior and superior to any subsequent bonds, mortgages, or incumbrances placed thereon by the purchaser or transferee of such franchise and property."

If we assume, without deciding, that a mortgage constitutes an "alienation" within the meaning of this provision, it is to be borne in mind that there is no question here of "releasing" or "relieving" the franchise or the property of the defendant company from the payment of the plaintiff's claim. The only question is whether, in applying such franchise and property to the payment of the liabilities of the corporation, the so-called equitable lien of the plaintiff shall displace a pre-existing contract lien of which the plaintiff had notice. It is not thought that the section was intended to effect such a result.

It may be added that this claim and others which are being urged for preferential allowance against the property of this and other receivership estates pending before us strongly emphasize the need of both national and state legislation establishing at least certain general rules for the guidance of courts in administering insolvent estates of corporations of this character. Both bondholders and general credi-tors are entitled to a measure of certainty as to their relative rights not afforded by the judicial decisions.

Judgment will go in favor of the plaintiff and against the corporation, but not against the receiver, for $7,000 and costs, with the understanding that counsel for the plaintiff shall enter upon the record a credit of $3,500 upon account of the judgment. Should the plaintiff desire to intervene in the foreclosure suit, for the purpose of making a supplemental or different showing in support of his claim of preference, or for the purpose of pro forma making up a record, with the object of obtaining a review in the appellate court of the conclusion here reached, permission is granted to intervene and file his complaint in intervention.