Points Decided.

---

(April 1, 1918.)

CRAWFORD MOORE, Trustee, B. E. RAYBURN and W. D. McREYNOLDS, Respondents, v. BOISE LAND AND ORCHARD COMPANY, LIMITED, a Corporation, WYOMING HOLDING COMPANY, a Corporation, DEAN PERKINS, Receiver of WYOMING HOLDING COMPANY, and M. F. DEAN, Appellants.

[173 Pac. 117.]

CORPORATIONS — ESTOPPEL — RECEIVER — JUDGMENT CREDITORS — BONA FIDE PURCHASERS OF CORPORATE PROPERTY.

1. One who accepts a deed subject to a mortgage, and deducts the amount secured thereby from the purchase price, is, together with his privies, estopped from denying the validity of the encumbrance.

2. In the absence of fraud, neither the receiver of a corporation nor its judgment creditors can acquire any greater right in its property than the corporation had at the time their respective rights became fixed.

3. A *bona fide* purchaser of the assets of a corporation is not, nor is the property conveyed, liable for its debts, except such as are contracted or incurred in the operation, use or enjoyment of its franchise, in the absence of an agreement to that effect, unless the purchaser is a reorganization of the vendor or unless, by merger or otherwise, the one is a continuation of the other.

[As to liability of a corporation for the debts of pre-existing corporation or partnership, see note in 59 Am. St. 547.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action to foreclose mortgages, with cross-action by defendants, Rayburn, McReynolds and Intervenor Dean, for adjudication of priority of their respective liens. Judgment for plaintiff and for Rayburn, McReynolds and Dean with priorities in the order named. Affirmed in part and reversed in part.

S. T. Schreiber, for Intervenor and Appellant Dean.

A deed by a corporation, after its charter has been forfeited, is a nullity. (*Bradley v. Reppell*, 133 Mo. 545, 54 Am. St. 685, 32 S. W. 645, 34 S. W. 841; *Utah Optical Co. v. Keith*, 18 Utah, 464, 56 Pac. 155; *Provost v. Morgan's L. & T. R. Co.*, 42 La. Ann. 809, 8 So. 584.)

A corporation cannot deed land after its charter has expired. (*Marysville Invest. Co. v. Munson*, 44 Kan. 491, 24 Pac. 977.)

Stock cannot be transferred so as to pass title after the dissolution of the corporation, much less any of the assets of the corporation, nor can it assign mortgages nor make valid mortgages. (*James v. Woodruff*, 2 Denio (N. Y.), 574.)

"When the nullity of a contract becomes apparent the whole transaction falls to the ground. It is incapable of affirmation nor can third parties, *bona fide*, acquire right for value under it." (Anson on Contracts, sec. 205.)

"The court will, on its own motion, raise the question of the illegality of a contract against public policy or violation of public law." (*Escambia Land & Mfg. Co. v. Ferry Pass Inspectors & Shippers' Assn.*, 59 Fla. 239, 138 Am. St. 121, 52 So. 715; *Pietsch v. Pietsch*, 245 Ill. 454, 29 L. R. A., N. S., 218, 92 N. E. 325.)

"The making of these interest payments or any other payment on the contract could not amount to an estoppel." (*Tarr v. Western Loan & Savings Co.*, 15 Ida. 741, 750, 99 Pac. 1049, 21 L. R. A., N. S., 707.)

"Judgment creditors may intervene and contest validity of mortgage." (*Tarr v. Western Loan & Savings Co., supra; Union Bank v. Bell*, 14 Ohio St. 200; Cook on Corporations, 848d; *Phoenix Nat. Bank v. Cleveland Co.*, 58 Hun, 606, 11 N. Y. Supp. 873, 875.)

"Estoppel cannot, ordinarily, result from an invalid contract or *ultra vires* acts." (*Royal Consol. Min. Co. v. Royal Consol. Mines Co.*, 157 Cal. 737, 137 Am. St. 165, 110 Pac. 123; *Kyser v. Miller*, 144 Ill. App. 316.)

C. S. Hunter, for Appellant Perkins.

A conveyance by a corporation of real estate and a warranty of title when such corporation is unauthorizedly attempting to exercise corporate powers, where no power as a corporation has in fact been granted to it, is void. (*Lafferty v. Evans,* 17 Okl. 249, 21 L. R. A., N. S., 363, 87 Pac. 304; *Eastman v. Parkinson,* 133 Wis. 375, 13 L. R. A., N. S., 921, 113 N. W. 649.)

It is not shown in the evidence that the Wyoming Holding Company or any of its officers knew of the lack of integrity of the mortgages herein sued upon, and the conduct of such officers cannot amount to a ratification because of a lack of the knowledge of all of the material facts connected with the transaction. (7 Words & Phrases, 5928; *Blackwell v. Kercheval,* 27 Ida. 537, 149 Pac. 1060; Jones on Mortgages, 6th ed., sec. 93.)

"The receiver of the corporation may defend against or sue to set aside a mortgage which is fraudulent or otherwise illegal." (Cook on Corporations, 7th ed., sec. 848H.)

The estoppel of a person who has dealt with a corporation, to deny its existence, does not apply to prevent showing the subsequent expiration of its corporate life. (*Dobson v. Simonton,* 86 N. C. 492; *Ensey v. Cleveland & St. Louis R. Co.,* 10 Ind. 178; *Fort Wayne Turnpike v. Dean,* 10 Ind. 563; *Guaga Iron Co. v. Dawson,* 4 Blackf. (Ind.) 202; *Krutz v. Paola Town Co.,* 20 Kan. 397.)

The receiver, Dean Perkins, appears for all creditors and stockholders, as well as for the corporation. He is acting in a dual capacity, and in such capacity can raise any question which affects the material rights and interests of any of these three parties. (*Curtis v. Lewis,* 74 Conn. 367, 50 Atl. 878; *Alaska Salmon Co. v. Standard Box Co.,* 158 Cal. 567, 112 Pac. 454.)

Barber & Davison, Chas. F. Koelsch and B. F. Neal, for Respondents.

"If one purchases land subject to a mortgage and there is a deduction from the purchase price on account thereof and

either verbally or by deed he agrees to take the land subject to the mortgage, and in whole or in part makes the mortgage debt a consideration for the transfer, he is not at liberty to deny the existence or validity of the mortgage, or dispute the amount owing under it at the time of the transfer." (*Burke Land etc. Co. v. Wells, Fargo & Co.,* 7 Ida. 42, 59, 60 Pac. 87; *Hancock v. Fleming,* 103 Ind. 533, 535, 3 N. E. 254; *Merriman v. Moore,* 90 Pa. St. 78; 2 Jones on Mortgages, 1491; *Fremont County v. Warner,* 7 Ida. 367, 63 Pac. 106; *Hadley v. Clark,* 8 Ida. 497, 69 Pac. 319; *Johnson v. Thompson,* 129 Mass. 398; *Western Loan etc. Co. v. Kendrick, State Bank,* 13 Ida. 331, 90 Pac. 112.)

Both the grantee of property and its creditors are estopped to set up as a defense in a suit to foreclose a mortgage that the act of creating the mortgage was *ultra vires.* (*Bowman v. Foster etc. Hardware Co.,* 94 Fed. 592; *Blue Rapids Opera House Co. v. Mercantile Bldg. etc. Assn.,* 59 Kan. 778, 53 Pac. 761; *Illinois Trust etc. Bank v. Pacific Ry. Co.,* 117 Cal. 332, 49 Pac. 197.)

One taking and retaining the benefits of a transaction is bound by the transaction, cannot avoid its obligations, and is estopped from taking a position inconsistent therewith. (*Ryer v. Oesting,* 119 Cal. 564, 51 Pac. 857; *Hobbs v. Nashville etc. Ry. Co.,* 122 Ala. 602, 82 Am. St. 103, 26 So. 139; *Fremont County v. Warner,* 7 Ida. 367, 63 Pac. 106; *Poole v. Lowe,* 24 Colo. 475, 52 Pac. 741; *Winslow v. Baltimore etc. R. Co.,* 188 U. S. 646, 23 Sup. Ct. 443, 47 L. ed. 635; *Hartman v. Hornsby,* 142 Mo. 368, 44 S. W. 242; *Goodwin v. Central etc. Bldg. Co.,* 21 Cal. App. 376, 131 Pac. 896.)

One who has dealt with a corporation, even if it be *de facto* only, and who has received the benefit of his contract, or any contract with it, is estopped from denying corporate capacity. (1 Thompson on Corp. 231; *Commonwealth v. Philadelphia County,* 193 Pa. St. 236, 44 Atl. 336; *Richards v. Minnesota Sav. Bank,* 75 Minn. 196, 77 N. W. 822; *McDonnell v. Alabama etc. Ins. Co.,* 85 Ala. 401, 5 So. 120; *Winget v. Quincy Bldg. etc. Assn.,* 128 Ill. 67, 21 N. E. 12; *Exchange Nat. Bank v. Capps,* 32 Neb. 242, 29 Am. St. 433, 49 N. W. 223.)

Those in privity with the grantee are estopped to the same extent as is the grantee. (*Simson v. Eckstein,* 22 Cal. 580; *Dismukes v. Halpern,* 47 Ark. 317, 1 S. W. 554; *Waco Bridge Co. v. Waco,* 85 Tex. 320, 20 S. W. 137.)

The receiver can acquire no greater or better interest than the debtor had in the property, and to this extent the receiver stands in the shoes of the debtor. He has the same rights which the insolvent would have had, and can set up no rights which the debtor could not have set up. (34 Cyc. 191; *Fourth St. Nat. Bank v. Yardley,* 165 U. S. 634, 17 Sup. Ct. 439, 41 L. ed. 855; *Tilford v. Atlantic Match Co.,* 134 Fed. 924; *Black v. Manhattan Trust Co.,* 213 Fed. 692; *Albien v. Smith,* 24 S. D. 203, 123 N. W. 675; *Southern Granite Co. v. Wadsworth,* 115 Ala. 570, 22 So. 157; *New Haven Wire Co. Cases (Baring v. Galpin),* 57 Conn. 352, 18 Atl. 266, 5 L. R. A. 300; *Crine v. Davis,* 68 Ga. 138; *Shinkle v. Knoll,* 99 Ill. App. 274; *Brownson v. Roy,* 133 Mich. 617, 95 N. W. 710; *State ex rel. v. Superior Court,* 8 Wash. 210, 35 Pac. 1087, 25 L. R. A. 354.)

MORGAN, J.—Certain notes and mortgages involved herein were executed and delivered by Boise Land and Orchard Company on December 6, 1912, duly recorded and thereafter assigned to respondent, Moore, as collateral security. He holds legal title thereto and is such a party in interest that he may foreclose in his own name. (*Craig v. Palo Alto Stock Farm,* 16 Ida. 701, 102 Pac. 393; *Utah Implement-Vehicle Co. v. Kenyon,* 30 Ida. 407, 164 Pac. 1176.) On November 30, 1912, the charter of the Orchard Company was forfeited for nonpayment of its corporate license tax. On July 14, 1913, upon payment of the amount due, it was reinstated. (Sess. Laws 1912, chap. 6, p. 13.) By deed, dated August 14, 1913, but not delivered until November 12th, following, the Orchard Company conveyed all its property to the Wyoming Holding Company, a corporation, subject to the mortgages, the amounts thereof being deducted from the purchase price. The Holding Company thereafter continued in possession of

the property until the appointment of appellant, Perkins, as its receiver on August 3, 1914.

It is contended that, by reason of the forfeiture above mentioned, the mortgagor had no corporate existence at the time the encumbrances were made and that they are, therefore, void. The Holding Company cannot be heard to make such a defense. It is estopped from asserting that the encumbrances are void. (*Burke Land & Livestock Co. v. Wells, Fargo & Co.,* 7 Ida. 42, 60 Pac. 87; *Fremont County v. Warner,* 7 Ida. 367, 63 Pac. 106; *Hadley v. Clark,* 8 Ida. 497, 69 Pac. 319; *Hasselman v. United States Mortgage Co.,* 97 Ind. 365; *Snider's Sons Co. v. Troy,* 91 Ala. 224, 24 Am. St. 887, 8 So. 658, 11 L. R. A. 515; *Old Colony Trust Co. v. Allentown & B. Rapid Transit Co.,* 192 Pa. St. 596, 44 Atl. 319; *Johnson v. Thompson,* 129 Mass. 398; *Merriman v. Moore,* 90 Pa. St. 78; *Hancock v. Fleming,* 103 Ind. 533, 3 N. E. 254; *Mississippi Valley Trust Co. v. Hofius,* 20 Wash. 272, 55 Pac. 54.)

Appellant, Perkins, as receiver of the Holding Company, in the absence of fraud, and none is alleged or shown, can assert no rights the company could not. (34 Cyc. 191; *Kane v. Lodor,* 56 N. J. Eq. 268, 38 Atl. 966; *Ryder v. Ryder,* 19 R. I. 188, 32 Atl. 919; *Albien v. Smith,* 24 S. D. 203, 123 N. W. 675, 26 S. D. 551, 128 N. W. 714; *Black v. Manhattan Trust Co.,* 213 Fed. 692.)

Respondent, Rayburn, recovered judgment against the Orchard Company on October 13, 1913, before the property was conveyed to the Holding Company. Appellant, Dean, recovered judgment against the Holding Company on March 15, 1915, subsequent to its acquisition of the land, and it was in his action the receiver was appointed. These judgments are, therefore, liens against the property, but neither of these creditors can, in the absence of fraud, acquire any greater rights than his debtor had at the time of the rendition of his judgment. (*Donaldson v. Thousand Springs Power Co.,* 29 Ida. 735, 162 Pac. 334; *Bank of Dillon v. Murchison,* 213 Fed. 147, 129 C. C. A. 499; *Eastman v. Parkinson,* 133 Wis. 375, 113 N. W. 649, 13 L. R. A., N. S., 921; *Albien v. Smith,*

*supra; Coldiron v. Ashville Shoe Co.*, 93 Va. 364, 25 S. E. 238.) The liens of these judgments are, therefore, subject to the mortgages and that of Rayburn is entitled to priority over that of Dean.

Respondent, McReynolds, commenced action against the Orchard Company on August 29, 1913, and secured judgment on April 27, 1914, after the property in question had been transferred by that corporation to the Holding Company. In his cross-complaint he did not plead the nature of his original claim, but asked that his judgment be, and the court decreed that it was, a lien upon the property in question which, according to the terms of the decree, was subsequent to the mortgages and to the lien of the judgment of Rayburn and prior to that of Dean. This was error. The case relied upon to sustain the decree in this particular is *Seymour v. Boise R. R. Co.*, 24 Ida. 7, 132 Pac. 427, wherein it was held, as a matter of fact and law, that the Boise Railroad Company was a reorganization of the Boise Traction Company, against which a judgment had been recovered and that the former, having taken over the franchise and all of the property of the latter, was liable for the judgment. A case much more nearly in point, and one we deem to be controlling upon the matter here under consideration, is *Anderson v. War Eagle Consol. Min. Co.*, 8 Ida. 789, 72 Pac. 671. (See, also, 7 R. C. L., p. 183, sec. 156.)

Sec. 4457, Rev. Codes, as amended by Sess. Laws 1913, chap. 22, p. 91, provides: " . . . . from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in the county, owned by him at the time or which he may afterwards acquire, until the lien expires." There is no allegation that the transfer of the property from the Land and Orchard Company to the Holding Company was in fraud of the former's creditors, nor does it appear that one of these corporations is a reorganization of the other. The McReynolds judgment is against the Land and Orchard Company and there is nothing in the record to justify the action of the

trial court in making it a lien against the property of the Holding Company.

Other points presented by the specifications of error have been considered and found to be without merit.

The decree appealed from is affirmed so far as it affects the mortgages of Moore and the judgment of Rayburn. It is reversed so far as it decrees the judgment of McReynolds to be a lien upon the property in question. Costs are awarded against appellants and in favor of respondents, Moore and Rayburn, and one-third of appellants' costs upon appeal, heretofore incurred, is awarded in their favor against respondent, McReynolds.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.